WILLIAM FRIEND V. HELEN M. DUNKS.

*Civil Damage Law—Comp. L. § 2137.—Pleadings—Exemplary
Damages.*

The Michigan statute (Comp. L. § 2137) allowing the recovery of
damages for injuries arising from the sale of liquor, also al-
lows money paid for liquor to be recovered as paid without
consideration.—*Held*, (*a*) That assumpsit is the proper form
of action for the recovery of the money paid; (*b*) That case
is the proper form for the recovery of the damages; (*c*) That
it is a misjoinder of causes of action to sue for the recovery
of both under a single count, in an action of trespass on the
case.

A recovery by any one of the persons entitled by the civil dam-
age law (Comp. L. § 2137) to sue for recovery of money paid
out for liquor, would bar an action by any other.

Where injuries arising from the sale of liquor are several, there
may be several actions for damages, and a recovery in one
will not bar any other.

Under a statute giving exemplary damages to the wife "who
shall be injured in person, property, means of support, *or
otherwise* * * * by reason of the intoxication of any per-
son," it is *held* proper to show that she had been excluded
from society on account of her husband's intoxication, and to
give evidence of her mental sufferings, generally, on account
of his drunkenness. But facts should not be admitted tend-
ing to prove damages that are merely fanciful or too remote.

In an action for injuries to a wife arising from the sale of liquor
to her husband, there should, as a rule, be no evidence allowed
of facts antecedent to the unlawful acts complained of, except
to show his habits and circumstances before they were com-
mitted; but the jury should be told to discriminate between
losses caused by commercial changes and those which result
from business neglect. The evidence of his pecuniary con-
dition before the acts complained of is not to be introduced
as showing a substantive cause of action, but to be consid-
ered with other facts as showing the damages sustained by
the plaintiff.

The mere fact that a man had been of intemperate habits before
he began to buy liquor of a particular dealer, will not pre-
vent his wife from recovering in an action against that dealer
for injuries done her by sales which he had made to her
husband.

37 MICH.—4.

Error to Lenawee.    Submitted April 13.    Decided June 12.

ACTION UNDER THE CIVIL DAMAGE LAW.    The facts are in the opinion.

*Shumway & Salsbury* and *Stacy & Underwood,* for plaintiff in error.    Actions of contract and of tort cannot be joined in the same declaration, in different counts.  1 Chitty's Pl., 199; *Church v. Mumford,* 11 Johns., 479; *Hallock v. Powell,* 2 Caines, 216; *Wickliffe v. Sanders,* 6 T. B. Mon., 298; *Thomas v. Pearse,* 1 Chitty, 619.    Assumpsit, covenant and debt cannot be joined with each other, nor trespass with case.—Bac. Ab. "Actions in General," C.; *Cooper v. Bissell,* 16 Johns., 146.    In case of misjoinder, the declaration will be held bad on general demurrer, or in arrest of judgment, or on error.  *Pell v. Lovett,* 19 Wend., 546; *Whitney v. Crim,* 1 Hill, 61; *Bodley v. Roop,* 6 Blackf., 158; *West v. Stanley,* 1 Hill, 69; *Pharr v. Bachelor,* 3 Ala., 237.    Judgment is sometimes allowed on a verdict rendered on one of several counts after an election between them, but an election on the trial is often refused.  2 Saunders Pl. and Ev., note C.; 2 M. and Sel., 533.

*Walker & Weaver* and *Bean & Hadley,* for defendant in error.

MARSTON, J.    The plaintiff in error was brought into court upon a capias to answer to the suit of Helen M. Dunks "in an action of trespass on the case for selling and giving liquor to Edward J. Dunks, her husband, in violation of law, and contributing to the intoxication of said Edward J. Dunks, to the damage of said plaintiff" etc.

The declaration consists of but one count and under it plaintiff sought to recover back the moneys paid by her husband to defendant for liquor, and also damages for the injury which she sustained by reason of the intoxication of her said husband.    Counsel for plaintiff in error insist that there was a misjoinder of two distinct causes of action in this count, an action of assumpsit to recover back the mon-

eys paid for the liquors sold, and an action of tort to recover damages for the injuries sustained by reason of the intoxication of her husband.

That such causes of action cannot be joined in this manner counsel for defendant in error do not deny, nor do they dispute the effect of such a misjoinder.   They deny any misjoinder; they say there is in the declaration no count in assumpsit; that the statute gives the wife the right to recover back the money, and to recover the other damages enumerated; that the whole cause depends upon the wrongful and unlawful acts of the defendant, and that case is the appropriate remedy.

That this is the appropriate remedy to recover any damages which the plaintiff has sustained by reason of such intoxication of her husband there can be no question, and this is conceded by counsel for both parties.   It seems therefore only necessary to determine whether it is also the appropriate form to recover back moneys paid for spirituous or intoxicating liquors under the statute.

The statute under which this action was brought prohibited the manufacture and sale of certain kinds of liquors except as therein specified.   The second section provided that all payments for such liquors sold in violation of law, should be considered as having been received without consideration, and against law and equity, and that any money or other property paid therefor might be recovered back by the person so paying the same, his wife, or any of his children, or his parent, guardian, husband or employer.   Farther on in this same section, every wife, child, parent, guardian, husband or other person, who shall be injured in person, property, means of support or otherwise, by any intoxicated person, or by reason of the intoxication of any person, shall have a right of action against any one who by selling or giving intoxicating liquor caused or contributed to the intoxication of such person, and in any such action the plaintiff shall have a right to recover actual and exemplary damages.   These are the provisions under which this action was brought.   The statute does not prescribe the form of remedy, so that the party seeking to recover under either

of these provisions must resort to the common law for an appropriate form of action.

That assumpsit is the proper form of ' action to recover back moneys which have been received by a person without consideration and against law and equity, there could seem to be no reasonable doubt. And the late cases in this state, sustaining the right of the party making such payments, to set off the same, in an action brought against him, is a clear recognition of this principle. *Roethke v. Philip Best Brewing Co.*, 33 Mich., 340; *Webber v. Howe et al.*, 36 Mich., 150.

We consider it equally clear that *case* is not the appropriate remedy. There are also other considerations arising out of these statutory provisions which would prevent claims arising thereunder from being recovered under the same form of action and count as was attempted in this case. It is quite clear that if either of the persons mentioned under the first clause, brings an action and recovers back the moneys paid for such liquors, neither of the other persons named could thereafter bring an action to recover back the same moneys. The first action would be a bar to any future action that might be brought. The money paid could be recovered back but once, and a recovery by one would prevent a recovery by the others. This would not be so in reference to injuries sustained. Several persons may at the same time be injured, in person, property or means of support by an intoxicated person, or by reason of his intoxication, and the injury to each, where several, would entitle each to maintain a cause of action therefor. And where several such actions were brought, the defense might vary somewhat in each case, yet would be substantially the same. The defenses however in an action brought to recover back money paid as being paid without consideration, and in an action to recover damages sustained, would be very different, and the evidence introduced in each case would in many respects, be different also.

In the former action, which is an equitable one, the party endeavors to prove the amount paid, and the issue is limited and simple. In the latter the party is entitled to

recover the actual damages sustained, and also exemplary damages. Under such an issue it is very evident that the evidence introduced must take a much wider range than it possibly could in the other case, and any joinder of the two causes of action, could but lead to confusion and injurious results. The objections made in the court below upon this branch of the case should have been sustained.

As the case must go back for a new trial, and as this difficulty may be obviated by an amendment of the declaration, by striking out all claim for moneys paid, thus making it conform with the writ, we will proceed to consider such of the other questions raised as are likely to arise again upon a new trial.

During the trial counsel for the plaintiff introduced evidence tending to prove the amount and value of plaintiff's husband's property and business when first he became a resident of Hudson in 1865 and when he left Hudson in 1875. They also introduced evidence tending to show how plaintiff's health was injuriously affected on account of her husband's intoxication; that she was excluded from society on account thereof, and her mental sufferings generally on account of his drunkenness. This was all objected to and is assigned as error.

Our statute gives to the wife who has been injured in person, property, means of support, or *otherwise*, by any intoxicated person, or by reason of the intoxication of any person, a right of action in her own name against the person who has by selling or giving any intoxicating liquor or otherwise, caused or contributed to such intoxication, "and in any such action the plaintiff shall have a right to recover actual and exemplary damages."

In *Mulford v. Clewell*, 21 Ohio St., 196, it was held that a count in the declaration which merely charged that the plaintiff had suffered mental anguish, disgrace and loss of society or companionship, was not sufficient; that such suffering did not amount to "injury to the person" within the meaning of the statute. Without any desire at present to either approve of this ruling or to question its correctness,

our statute, in the light of previous decisions in this court, may admit of a different construction.

The wrong committed by the defendant in selling intoxicating liquors to the plaintiff's husband, was not only in open violation of the laws of this state, but was persistently persevered in by the defendant, regardless alike of the suffering and ruin he was inflicting and entailing upon the unfortunate victim and upon his innocent and unoffending wife and child. A jury might measure, if they could, and allow the wife every dollar of loss she could prove she had sustained for the injuries to her person, her property and means of support, and then would fall far short of compensating her for the shame and mental anxiety which she suffered daily in seeing her husband becoming a common drunkard, the finger of scorn pointed at him, his business neglected and going to ruin, his property melting away, himself and wife excluded from respectable society, the means which should be used in support of his family squandered in strong drink, and his once happy home broken up and destroyed, if these facts could not be proven and considered by them. These are but some of the natural results of drunkenness, and the better sense of all good people recognize the mental suffering thus caused as constituting a real injury to the person; and although not capable of an actual money measurement, yet that it should be taken into consideration by a jury, who could, from all the facts in the case and their own sense of justice, award such damages as would at least compensate in part for the great wrong done her, and at the same time punish the defendant for the gross, willful and deliberate wrong which he, for mere gain, had wantonly perpetrated.

Mental injuries are frequently of the most deep and lasting kind, and the wounds thus inflicted are often the most severe. That they are a real injury and damage to the sufferer no one will dispute. Why, then, should a jury not consider them? Take the case of a husband and wife who are dependent upon his daily labor for support. If he has good health, is sober and industrious, the reward received for his toil will enable them to live comfortably and respectably, and if they are blessed with children, to educate and

bring them up to become good, respectable and useful citizens. In an evil hour he is led astray and commences the use of intoxicating liquors. Unable to control himself in their use he becomes a drunkard; he suffers mental or physical impairment; he no longer works with any degree of regularity, and squanders in drink the pittance he is able to earn; he deserts his home; his wife is neglected and his children become outcasts. An action is brought to recover damages in such a case. Would the amount of money which the wife had lost, as a means of support, from not receiving her husband's daily wages or the benefit thereof, compensate her for the damages she had suffered? And yet it would be a very serious question whether she could show, with any degree of certainty, any other direct loss she had sustained. To confine the damages in such a case to the direct money loss she had sustained, or to the loss in her means of support, and refuse to recognize as a proper element of damages the far greater and irreparable injury she had sustained in person on account of mental anguish, disgrace, loss of society and companionship from such causes, would be but a mere mockery of justice. These damages are not, nor are the consequences and results we have referred to, merely fanciful. It would perhaps be much better for society if they were. But the sad truth is that these are but the natural and probable consequences of the drunkard's career. They are of every-day occurrence, and the liquor dealer who will sell or give liquors to a person in the habit of becoming intoxicated, must know that all these evils, and frequently many others, will follow as a natural consequence. They are but the natural and probable consequence of his own wrongful act, and as such may be submitted to and considered by the jury.

Care should, however, be taken in this class of cases not to permit facts to be given in evidence tending to prove damages which might be considered fanciful merely or too remote. Of course in a case like the present, the inquiry extends over a considerable space of time, and yet even here there should be some limit. The declaration sets forth

that the plaintiff's husband had been, to all outward appearances, a sober man from the time of their marriage until April 20th, 1871, when the unlawful acts complained of commenced. Now while the inquiry may fairly extend to all the facts and circumstances between that period and the time of the commencement of the action at least, except for the purpose of showing the person's physical and pecuniary condition, his habits of industry and sobriety, his social position and the care and treatment bestowed upon his wife and family, immediately previous to that date, it should not be extended beyond that time. Such at least should be the general rule. And while an inquiry may be made as to his pecuniary circumstances, within the rule here laid down, but not as a substantive cause of action, we think that it should not be extended, as was done in this case, to the year 1865, when he first came to Hudson. This was too remote. In permitting this class of testimony, no matter how limited in point of time, the jury should be instructed to discriminate between losses occasioned by the changes and fluctuations in business, and those resulting from a neglect of business occasioned by drinking.

In many cases it must be very difficult to make this discrimination. A person engaged in business may be to all outward appearances prosperous and supposed to be carrying on a profitable business while in fact he may be on the verge of bankruptcy, and this fact, unknown to others, may be the cause of his indulging in intoxicating liquors. The neglect of business and loss of property in consequence thereof, wherever the same can fairly be attributed to his intemperate habits, may properly be laid before the jury, and so of many other facts, as the effect upon the children, not, as already said, as a substantive cause of action,—not for the purpose of allowing the amount of the loss of property, or the injuries the child sustained, as damages, because the property so lost was not the property of the plaintiff, and the child is given a right of action of its own,—but as circumstances to be considered in the case with all the others, as tending to show the damages sustained by the plaintiff. Upon this subject see *Ganssly v. Perkins*, 30 Mich., 494.

As was said in *Mulford v. Clewell,* already referred to, "in order to sustain her action under these statutes for injury to her means of support, it is by no means necessary she should show that she has actually been without support, or been, at any time, in whole or in part, deprived of means of support. *Means* of support relate to the *future* as well as as to the present. It is enough if she show that the sources of her future support have been cut off, or diminished below what is reasonable and competent for a person in her station in life, and below what they otherwise would have been. Of course the damages in such case would not be commensurate with the amount of loss or injury to the husband's estate, but merely the diminution, if any, thereby resulting to the wife's means of present and future support. What those damages are, in any given case, the legislature have seen proper to leave in these broad terms to a jury to determine."

This whole question of permitting all the facts and circumstances in this class of cases to be laid before the jury, under such instructions and advice from the court as would tend to prevent the allowance of such as might be merely possible, or too remote and fanciful in their character to be safely considered as the result of the injury, was clearly laid down by Christiancy, J., in *Allison v. Chandler,* 11 Mich., 555, 556. And the question of allowing for mental as well as physical damages was fully considered in *Welch v. Ware,* 32 Mich., 83, and we see no occasion to depart from what was there said upon this subject.

The fourth request of defendant to charge was too broad, and the court properly modified it. The mere fact that Dunks had been of intemperate habits previous to April, 1871, would not justify the defendant in selling liquor to him, and would not prevent the plaintiff from recovering damages on account of injuries sustained, caused by his intoxication from the use of liquors sold him by defendant after that date. *Ganssly v. Perkins,* 30 Mich., 495. For his intemperance previous to that time defendant would not be responsible.

For the errors already referred to, the judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.