MARY RADLEY v. HENRY SEIDER.

*Liquor traffic—Illegal sales—Action by wife—Evidence—Damages —Injury to feelings.*

1. In a suit to recover damages for the sale of liquor to plaintiff's husband, evidence of a conversation between plaintiff and her attorney, in the absence of the defendant, as to her forbidding such sale, is clearly inadmissible, being hearsay; citing *La Duke v. Township of Exeter*, 97 Mich. 450.

2. Where the evidence shows that the husband is, and was during the period in which such sales were made, an habitual drunkard, it is unnecessary to show that the defendant had knowledge of that fact; citing *McMahon v. Dumas*, 96 Mich. 467.

3. Testimony of the plaintiff and her daughter to conversations had with the defendant in relation to the subject of the sales complained of, from which the jury might justly infer that they were made, and of one of plaintiff's attorneys to a conversation with the defendant, in which he tacitly admitted that he was in the habit of selling liquor to plaintiff's husband, and promised to come in again, with a view to a settlement of the case, coupled with the fact that the defendant did not choose to deny the charge by being sworn in his own behalf, is proof of the fact of the sales.

4. 3 How. Stat. § 2283e3, which authorizes a recovery by a wife who is injured in person or property or means of support or otherwise by the sale of liquor to her husband, is broad enough, under the term "or otherwise," to cover injuries to her feelings, and to permit the recovery of damages for mental suffering caused by the disgrace and discomfort attendant upon the besotted condition of her husband; citing *Friend v. Dunks*, 37 Mich. 25.

5. Where, in a suit by a wife to recover damages for injuries sustained by reason of the sale of liquor to her husband, she expressly disavows any injury to her means of support, except that resulting from prospective want in case she should survive her husband, she cannot recover therefor.

Error to Muskegon. (Dickerman, J.) Argued November 23, 1893. Decided March 27, 1894.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*James O'Hara*, for appellant.

*Turner, Turner & Turner*, for plaintiff.

HOOKER, J. The plaintiff, a married woman, recovered a judgment against the defendant, a saloon keeper, from which he appeals to this Court.

The declaration charges defendant with unlawfully selling liquor to plaintiff's husband between the 15th day of November, 1891, and the 14th day of April, 1892, and claims damages for injury to her feelings and means of support. The evidence shows that the plaintiff's husband is, and for many years has been, an habitual drunkard, and that the defendant has been in the habit of selling intoxicating liquors to him during the period alleged. The plaintiff testified that her husband provided her with such food and clothing as she needed, but that he squandered a large part of his income by reason of his drunken habits; that he was abusive, and disgraced her by his conduct, which was well known in the neighborhood where they lived. She and her daughter had requested the defendant not to sell him liquor, but he replied that he might as well sell him as anybody. They then asked him not to sell him enough to make him drunk.

No testimony was offered by the defendant, and no witness was sworn who saw the plaintiff's husband get any liquor in the defendant's saloon; but the plaintiff and her daughter both testified to conversations with the defendant in relation to the subject of such sales, from which the jury might justly infer that they were made. Mr. Turner, one of the attorneys for the plaintiff, also testified to a conversation in which the defendant tacitly admitted that he was in the habit of selling liquor to plaintiff's hus-

band, and promised to come in again, with the view to a settlement of this case. This testimony, together with the fact that the defendant did not choose to deny the charge by being sworn in his own behalf, is proof of the fact of the sale.

There was abundant evidence that the husband was an habitual drunkard, and it was unnecessary to show that the defendant knew it. *McMahon v. Dumas*, 96 Mich. 467.

Under this declaration the plaintiff was not entitled to recover damages for injury to her person. She testified that her husband provided the necessary food and clothing; that he was always a good provider in those particulars; and added:

"The complaint that I made is this: That if my husband was more saving I would have more money left, in case he was taken off, for my support. * * * The only manner in which I consider myself damaged is by reason of his spending his money, and of his abuse to me."

The statute authorizes a recovery by a wife who is injured in person or property or means of support or otherwise.[1] The court directed the jury to confine the damages to injuries to means of support and her feelings. We think the statute broad enough to cover the latter under the term "or otherwise," which was added in the act of 1887, and that it permits recovery of damages for mental suffering caused by the disgrace and discomfort attendant upon the besotted condition of a husband. The same language is found in the prohibitory law (Comp. Laws 1871, § 2137), and was so construed in the case of *Friend v. Dunks*, 37 Mich. 25.

We find no evidence, however, that she was injured in her means of support. She expressly disavows such injury,

[1] 3 How. Stat. § 2283e3.

except that resulting from prospective want in case she should survive her husband. This is purely speculative. She may not survive him, and, if she were sure of doing so, she could have no assurance that he would die possessed of property. The court should have instructed the jury that there could be no recovery for injury to her means of support.

There was some evidence tending to show that on one occasion the plaintiff drank beer at home with her husband, and it is contended that this deprived her of the right to recover; but we think not, though there are doubtless cases where the consent or participation of a wife in the purchase and use of liquor may preclude recovery or lessen damages.

On redirect examination, the plaintiff was interrogated as follows, viz:

" *Q.* Let us go back over this matter of forbidding Mr. Seider a little bit. I think you are mistaken a little bit. You say that you do not distinctly remember whether you forbid him twice before you came to see me or not?

" *A.* No, it was once after and once before.

" *Q.* Are you positive about that?

" *A.* I know once after.

" *Q.* But are you positive that you did not forbid him twice before you came to see me?

" *A.* Well, not positive. I know I told him once after I had been to see you. I am positive of that.

" *Q.* Didn't you tell me, when you came to see me, and I asked you if you had ever forbidden him,—didn't you tell me that you had forbidden him twice before you came to see me, and didn't I tell you that we had better forbid him in writing?

" *Mr. O'Hara:* I object to that as incompetent.

" *The Court:* I think it is competent.

" *Mr. O'Hara:* We cannot understand how it can possibly be competent,—what passed between this counsel and this lady in his office.

" *Mr. Turner:* For the purpose of refreshing her recollection.

"*Mr. O'Hara:* It does not refresh anybody's recollection. It is entirely incompetent, anything that occurred between Mr. Turner and this woman in Mr. Turner's office in the absence of this defendant. I object to it as being entirely incompetent, irrelevant, and immaterial, in the absence of this defendant, or any one representing him, and not brought ·to his knowledge in any shape, form, or manner.

"*The Court:* Well, I think you may answer that.

"*Mr. O'Hara:* Give me an exception."

This testimony was clearly inadmissible, being hearsay. If it was proper to refresh the memory of the witness in this way, the answer was unnecessary for the purpose, and we doubt the propriety of the question. A better practice would have been to withdraw the witness, and recall her for the correction after her memory should have been refreshed. This would have left defendant's counsel the option of calling out the conversation or not, as he chose. As it was, the effect of this testimony was to corroborate the witness by a circumstance occurring about the time of the transaction in dispute. *La Duke v. Township of Exeter,* 97 Mich. 450.

For the errors mentioned, the judgment will be reversed, and a new trial ordered.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.