JENNIE SISSING, BY HER NEXT FRIEND, FLORA SISSING,
v. HENRY BEACH.

*Liquor traffic—Illegal sale—Action by child—Damages—Injury to
feelings.*

1. The doctrine laid down in *Radley v. Seider, ante,* 431, that
under the statute of 1887, which gives a right of action to a
wife, child, parent, guardian, husband, or other person, who
is injured in person or property or means of support or other-
wise by reason of the intoxication of any person, a wife can
recover damages for injury to her feelings caused by the
unlawful sale of liquor to her husband, although he had been
an habitual drunkard for many years, does not apply to a
daughter who was but 11 years of age at the time of the sale
complained of, and whose suit is based upon but a single
transaction.

2. The injury to the feelings, contemplated by the statute, is the
shame, mortification, or disgrace arising from the fact of
intoxication; and it does not include, as an element of actual
damages, the mental anguish suffered because of an injury
received by the person so intoxicated.

Error to Muskegon. (Dickerman, J.) Argued January
16, 1894. Decided March 27, 1894.

Case. Defendant brings error. Reversed. The facts
are stated in the opinion.

*James O'Hara,* for appellant.

*Turner, Turner & Turner,* for plaintiff.

McGRATH, C. J. This is an action under the statute,
against a saloon keeper, by the daughter of one who met
with an accident while intoxicated.

Error is assigned to the court's instruction that plaint-
iff was entitled to recover for injury to her feelings, as
well as for the deprivation of her means of support. The

act of 1883 gave a right of action to any person "who shall be injured in person or property or means of support," but by the act of 1887 the right of action was given to persons injured "in person or property or means of support *or otherwise.*" This latter provision seems to have been adopted from the act of 1855, as amended in 1871 (Comp. Laws 1871, § 2137), and was construed in *Friend v. Dunks,* 37 Mich. 25; and it was there held that a recovery might be had for the mortification, shame, and disgrace caused by the intoxication. In the present case, however, the father had been an habitual drunkard for many years prior to the sale complained of; the plaintiff was 11 years of age at the time of the accident; and we do not think that, under the circumstances, the charge to the jury was justified. *Johnson v. Schultz,* 74 Mich. 75.

The court further instructed the jury that they had a right to take into account the injury which plaintiff may have sustained in her feelings on account of this injury to her father. This was error. The injury to the feelings, contemplated by the statute, is the shame, mortification, or disgrace arising from the fact of intoxication; and it does not include, as an element of actual damages, the mental anguish because of the injury received by the person so intoxicated.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.