ALVAH C. FILER v. WILLIAM H. SMITH.

[See 96 Mich. 347.]

*False imprisonment—Arrest without warrant—Probable cause.*

It was settled by the former decision:

    *a*—That this case forms an exception to the general rule that what constitutes probable cause to justify an arrest without a warrant is a question of law to be determined by the court.

    *b*—That when an officer, in making such an arrest, acts in good faith, and after such reasonable investigation as circumstances permit, he is not liable in damages, either actual or otherwise.

Error to Muskegon. (Dickerman, J.) Argued June 27, 1894. Decided September 25, 1894.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion, and in 96 Mich. 347.

*L. King Soper* (*Nelson DeLong,* of counsel), for appellant.

*Chamberlain & Cross,* for defendant.

GRANT, J. The facts in this record do not differ materially from those in the former record in 96 Mich. 347. The warrant for the arrest of Reynolds, for whom plaintiff was mistaken by defendant, was produced upon this trial; otherwise the record is substantially the same, and we refer to that case for a statement of the facts.

1. It was settled by the former decision that this case forms an exception to the general rule that what constitutes probable cause to justify an arrest without a warrant is a question of law to be determined by the court. It was also settled that when an officer, in making such

arrest, acts in good faith, and after such reasonable investigation as circumstances permit, he is not liable in damages, either actual or otherwise. This rule was recognized by both opinions. These questions have therefore become *stare decisis*, and are no longer open to discussion. The question was left to the jury by the court under proper and careful instructions as to the diligence and precaution to be exercised by the officer, and they have, by their verdict, established his justification.

2. Complaint is made of the admission of testimony from the reporter of the newspaper who gathered the facts and wrote the two articles for publication which were introduced in evidence. This testimony related to the sources of his information, part of which he obtained from the defendant and some from other parties, including the sheriff who had the warrant for the arrest of Reynolds. It was competent. These published articles are not given in full, but from the extracts which do appear it is evident that the information upon which they were based was obtained from the defendant, the plaintiff, and the sheriff of Isabella county, Mr. Kane, who had the warrant, and who went to the jail to see the man who had been arrested as Reynolds. The character of this testimony is illustrated by the following portion of one of the articles:

"The sheriff, as he looked at the prisoner through the bars, was positive that the Muskegon officer had the man wanted."

These articles, which were excluded on the first trial, were introduced by the plaintiff. Now, it is too clear to require argument that the defendant might show that this statement was based entirely upon information obtained from Sheriff Kane, and not from defendant.

We find no error, and the judgment is affirmed.

The other Justices concurred.