|111    683.
|134    510
 111    683
 139   ³ 64

## LUCKER v. LISKE.

1. INTOXICATING LIQUORS—CIVIL-DAMAGE ACT—DAMAGES.

A married woman may recover under the civil-damage act (3 How. Stat. § 2283e3) for the feeling of shame, disgrace, and mortification arising from the public conviction of her husband for drunkenness resulting proximately from the sale of liquor to him by the defendant, even though the trial and conviction were had after she had commenced her suit.

2. SAME—EVIDENCE—JUDICIAL RECORD.

The record of the conviction of the husband is therefore admissible in such action, not to prove the fact of drunkenness, but to show the extent and nature of the injury suffered by the wife.

3. SAME—NEWSPAPER ARTICLES—ADMISSIBILITY.

A newspaper article giving an account of a saloon row, and of the husband's participation therein, is admissible as bearing upon the mental anguish suffered by the plaintiff.

4. EVIDENCE—COLLUSIVE PROSECUTION—QUESTION FOR JURY.

Circumstances which would justify the jury in finding that the conviction of plaintiff's husband for drunkenness was collusive, and that she should not be permitted to recover against the saloonist for mental suffering incident thereto, do not render evidence of the conviction inadmissible.

5. SAME—STENOGRAPHER'S MINUTES.

The stenographer's minutes of the testimony of a saloon keeper on a prosecution for drunkenness of one to whom he had sold liquor are admissible in an action under the civil-damage act against the saloonist by the wife of the person convicted.

Error to Berrien; Coolidge, J. Submitted January 7, 1897. Decided March 10, 1897.

Case by Carrie Lucker against Richard Liske and others under the civil-damage act. From a judgment for plaintiff, defendants bring error. Affirmed.

*Lawrence C. Fyfe*, for appellants.

*James O'Hara*, for appellee.

HOOKER, J. The plaintiff brought an action to recover damages for the sale of intoxicating liquor to her husband, joining in one action, as defendants, two saloon keepers (each of whom is alleged to have sold liquor to the husband upon the day in question), and the sureties upon their respective bonds. The action is the outgrowth of a row which occurred in the saloon of one of the defendants. Afterwards the husband of the plaintiff was arrested, and, upon his plea of guilty, was convicted of drunkenness. He appealed from the judgment of the justice, and was allowed to make a defense at the trial in the circuit, which resulted in conviction. This action was commenced before the complaint for drunkenness was made. The alleged errors are:

1. The admission of the records of conviction before the justice and in the circuit court.

2. The admission of the stenographer's minutes of the testimony of defendant Johnson, given on the trial of Lucker in the circuit court.

3. The admission of two newspaper articles giving an account of the row and Lucker's participation in and connection with it, published immediately afterwards.

4. The statement in the charge that: "There are cases of this kind where a wife is entitled to recover as for the loss of a sober husband, where the sale of the saloon keeper has made, or contributed to make, the husband a drunkard. Then the saloon keepers are chargeable with that fact, and heavy damages may be recovered, perhaps, for making a sober husband a drunkard,"—and that: "If a man, for instance, under the influence of liquor thus

sold to him, has committed a crime, resulting in her additional disgrace and mortification, then she is entitled to recover, although he may, at the same time, have been an habitual drunkard."

In support of his first point, counsel for the defendants seems to rely on two propositions:

1. That no injury had resulted from the arrest and conviction before this action was commenced, inasmuch as the arrest was later.

2. That such arrest and conviction may have been collusive, or instigated by the plaintiff or her husband for the purpose of swelling a verdict.

In *Radley* v. *Seider*, 99 Mich. 431, we held that the words "or otherwise" so broadened the damages recoverable in these cases that damages for the feeling of shame, disgrace, and mortification were recoverable, although no injury to person or property or means of support was alleged or shown. It would seem obvious that this feeling would be increased in cases when the drunkenness was accompanied by unseemly conduct or public exhibition of his condition by the husband, and that the greater the notoriety of the transaction the more keen would be the mortification. A public conviction of the offense of drunkenness would contribute to this feeling of disgrace. The law is apparently intended to permit a recovery for such injuries as can be traced directly to the condition produced by the sale of liquor, and this is not an unnatural result, but one which is to be expected. It is a proximate result, because without being drunk he could not be guilty of that particular offense which depends upon the condition of drunkenness. In short, it is clearly traceable to the effect of the liquor. Black, Intox. Liq. §§ 311, 312. It was in this case, upon the theory of the plaintiff, an effect of the sale of liquor, an incident of the condition of drunkenness produced by the unlawful sale. It was therefore proper to show such conviction, not for the purpose of proving the fact of drunkenness, which was open to dispute, but to show the nature and extent of

the injury suffered by the plaintiff, if the jury should be satisfied from the evidence that the husband was drunk as a result of defendants' wrongful sale.

The defendants were at liberty to ask the jury to find from the circumstances that this prosecution and conviction was collusive, but we cannot say that the evidence of conviction was inadmissible because of such claim.

But it is said this action was brought before the prosecution was commenced, and therefore this evidence was not admissible, for the reason that damages resulting therefrom were not recoverable. If this were a substantive cause of action, there might be force in this; but the plaintiff's right of action accrued at the time the sale was made to her injury, and she was at liberty to bring her action at once, and but once, and she might recover, not only damages for injuries that she had suffered up to the time the action was begun, but damages for such injuries up to the time of trial, and, in addition, such prospective damages as the evidence showed would result in the future. *Conlon* v. *McGraw*, 66 Mich. 194; *Thompson* v. *Ellsworth*, 39 Mich. 719; *People's Ice Co.* v. *Steamer Excelsior*, 44 Mich. 229 (38 Am. Rep. 246).

The admission of the stenographer's minutes of the testimony of one of the defendants, after the proper foundation had been laid, was clearly proper, under repeated decisions. They stand on the same footing as attorney's minutes. *Fisher* v. *Kyle*, 27 Mich. 454; *Edwards* v. *Heuer*, 46 Mich. 95; *People* v. *Sligh*, 48 Mich. 54. If the foundation was lacking in some particulars, the only objection made was that it was inadmissible if the witness did not remember every word.

The newspaper articles were upon the same plane as the record of conviction. They were not evidence of the commission of the wrongful act, but their publication was an attendant circumstance which tended to increase the keenness of plaintiff's mortification and shame. *Filer* v. *Smith*, 102 Mich. 99.

The foregoing discussion disposes of the only point requiring notice that is made upon the charge.

It is said that the record of conviction was admitted and used to prove the fact of drunkenness, but our attention is not called to the evidence of such fact, or to any objection or exception based on that ground.

We are of the opinion that the judgment of the circuit court should be affirmed, and it is accordingly so ordered.

The other Justices concurred.