BILLETT *v.* MICHIGAN BONDING & SURETY CO.

1. INTOXICATING LIQUORS—CIVIL-DAMAGE ACT—EVIDENCE—ADMISSIBILITY.

Where plaintiff's husband was injured in a drunken fight, in an action by the wife against the surety on the liquor dealer's bond, under the civil-damage act, articles in a newspaper relating to the commencement of suit by the husband against his assailant are inadmissible in evidence, in the absence of any showing that plaintiff was not instrumental in causing the publications.

2. TRIAL—CONDUCT OF COUNSEL—ARGUMENT OF COUNSEL.

The use of a steelyard by plaintiff's counsel to illustrate the preponderance of evidence, in his argument to the jury, was not prejudicial to defendant.

3. INTOXICATING LIQUORS — CIVIL-DAMAGE ACT — INJURY TO FEELINGS—INSTRUCTIONS.

Plaintiff's right to recover for injury to her feelings, under the act, is for the shame, mortification, or disgrace arising from the fact of intoxication, and an instruction allowing her to recover for permanent disfigurement of her husband's face was erroneous.[1]

4. APPEAL AND ERROR — DAMAGES — EXCESSIVE VERDICT — PREJUDICIAL ERROR.

In an action under the civil-damage act, where the verdict was excessive in comparison with the meager evidence of actual damages, error in the case must be held to be prejudicial.

Error to Berrien; Bridgman, J. Submitted January 9, 1917. (Docket No. 59.) Decided March 29, 1917.

Case by Lena A. Billett against the Michigan Bond-

[1]On wife's right of action at common law against one selling liquor to husband, see note in 40 L. R. A. (N. S.) 360.

On the necessity, to sustain a recovery under civil-damage act, that the intoxication be the proximate cause of the injury, see note in 13 L. R. A. (N. S.) 1158.

ing & Surety Company for damages under the civil-damage act. Judgment for plaintiff. Defendant brings error. Reversed.

*O. F. Bunting* and *Coolidge & White,* for appellant.

*Charles H. Kavanaugh,* for appellee.

STONE, J. Action for damages under civil-damage act (section 20, Act No. 313, Pub. Acts 1887 [2 Comp. Laws 1915, § 7050]). In 1914 William R. Baker was a retail liquor dealer at Niles, Mich., and the defendant was the surety on Baker's liquor bond. Plaintiff is the wife of one Henry Billett. It is the claim of the plaintiff that on December 19, 1914, her said husband became intoxicated at Niles, from intoxicating liquors sold him by Baker and other saloonkeepers there; also that one Vandenburg was also intoxicated at said time and place; that on the evening of said day both Billett and Vandenburg were in Baker's saloon in an intoxicated condition, and that while in such condition Baker furnished both of these men intoxicating liquors, which they drank on the premises. While Vandenburg and Billett were in Baker's saloon on this occasion they had a fight, in which Billett was cut upon the face by Vandenburg with a broken beer glass, which Vandenburg had in his hand at the time the fight started. Billett was a witness at the trial, and testified that both he and Vandenburg were intoxicated in Baker's saloon on the night in question, and that they both drank liquor there, and that Vandenburg struck him in the face, without any provocation whatever, and that Vandenburg was the aggressor. While there is some dispute in the testimony, it was the claim of the plaintiff at the trial that Baker sold both of these men intoxicating liquors when they were in an intoxicated condition, and that as the result of such intoxication the fight occurred,

and Billett received severe injuries upon the face with a beer glass. There was testimony in support of this claim.

For nearly a year before this fight Billett had been employed as a carpenter by the Michigan Central Railroad Company, at $3 a day, and he testified that out of his wages he gave the plaintiff $25 every two weeks. Plaintiff claimed that as a result of the injury Billett lost his job with the company, and that thereafter he was unable to secure other steady employment; and that she had been injured in her means of support because her husband was unable to work, when laid up on account of his injuries, and also because of such loss of job. These were disputed questions upon the trial.

Billett also testified that he had not earned to exceed $170 to $200 from the time of said injury to the time of the trial, which was on March 24, 1916. Billett was treated for his injuries by Dr. Bonine, who testified that Billett came to his office that evening with quite a severe cut on his left cheek, requiring several stitches to put the tissues back in position; that the wound was quite deep, having penetrated the skin and muscles, and that the wound was an inch below the eye. In his opinion there was nothing about the injury that would in any way affect the eye, or eyesight; that the scar on the face would be permanent, and that he treated Billett for a period of five or six weeks and dressed the wound 35 or 40 times. Billett testified that the left eye was affected by the injury; that it jerked and a blur got in front of him. He testified:

"When I am driving a nail, I will have to stop sometimes, kind of blur gets in front of me; and I used to be a pretty good saw filer, and it has got me on that. I can't see to fit up the saw on that."

The plaintiff testified that her husband's coming

home injured and bleeding, and his sickness there-
after, made her nervous and set her crazy; that "this
feeling lasted for weeks, I cannot tell just how many,
the nervousness lasted. It still lasts." And she also
testified that she had been greatly shamed and in-
jured in her feelings because of the affair complained
of. She testified:

"This affair was talked about by our friends and
neighbors in this vicinity, and it reached my ears at
the time. It made me ashamed and mortified me, and
it does yet, and has during this entire time."

It appeared that soon after this affray, Billett caused
the arrest of Vandenburg on a civil warrant for as-
sault and battery growing out of the fight in question.
Articles relating to the commencement of this civil
suit appeared in the Berrien Springs Era, a news-
paper published at Berrien Springs, Mich., under date
of January 15, 1915, and in the Niles Daily Sun, a.
newspaper published at Niles under date of January
13, 1915. Upon the trial, plaintiff, over defendant's
objections and exceptions, offered these newspaper
articles in evidence for the purpose of enhancing her
damages by reason of the fact that her feelings were
greatly injured by such publications. It appearing
that plaintiff had only read the headings, the trial
court declined to admit the newspaper articles as a
whole, but admitted in evidence the headings, and per-
mitted plaintiff to testify as to how her feelings were
affected by such headings, which were, in so far as
the record shows: "Victim of Assault Sues for Dam-
ages." The court charged the jury in part as follows:

"Also you have a right to ascertain and determine
how much damage she will suffer in the future by
reason of injury to her person, property, means of
support, or otherwise, by reason of any effects of said
injury to said Billett that you may find was occasioned
by his said intoxication, or that of Vandenburg, and
for such time in the future as you may determine he

will suffer from and be disabled by such injury. *
* * Means of support relate to the future as well
as the. present. And in case she has shown by the
evidence that the sources of her future support have
been cut off or diminished below what is reasonable
or competent for a person in her station of life and
below what they would otherwise have been is a fair
matter for you to take into consideration; that is, any
and all evidence bearing upon such fact."

The trial resulted in a verdict and judgment for
the plaintiff in the sum of $1,500. There was a motion
for a new trial upon the following grounds:

(1) That the court erred in admitting in evidence
the headings of the newspaper articles.

(2) That the court erred in permitting plaintiff's
counsel to use a certain balance, or steelyard, in his
argument, which had not been introduced in evidence.

(3) That the verdict was grossly excessive.

(4) That the verdict was against the weight of the
evidence.

The motion was denied, and the reasons for such
denial were filed, and duly excepted to. The defend-
ant has brought the case here upon writ of error, and
errors are assigned upon the several grounds stated
in the motion for a new trial, and also that the court·
erred in not setting aside the judgment for the rea-
sons stated, and also in that part of the charge above
set forth.

1. It is said that the trial court admitted in evidence
the newspaper headings upon the authority of *Lucker*
v. *Liske,* 111 Mich. 683 (70 N. W. 421). In that case,
as here, the suit was brought by the wife. The hus-
band had been arrested and convicted of drunkenness.
There were newspaper articles giving an account of
the row and of Lucker's participation in and connec-
tion with it. Upon the theory that a public convic-
tion of the offense of drunkenness would contribute
to plaintiff's feeling of disgrace, the record of the con-

viction, and also the articles were admitted. In the instant case the articles related to the commencement of a civil suit by the husband against Vandenburg for damages. The trial judge in giving his reasons for denying the motion said:

"Who caused the facts to be published and commented upon, or why they were published, or when, if without the consent of the plaintiff, cannot affect the question."

One difficulty is that there is nothing in the record to show that the plaintiff may not have been instrumental in causing the publications. To allow publications of collateral matters to be received in evidence would be to extend the rule, and might open the door unreasonably to abuse. We think that the publications were not admissible.

2. We think there is no merit in the assignment relating to the use of a balance by counsel for plaintiff, upon the argument. The court says that the article was used to illustrate the preponderance of evidence. Counsel might as well have used a lead pencil, by way of illustration.

3. Did the court err in its charge? That part of the charge, above quoted, would permit the jury to award damages for future injury to plaintiff's feelings because of the disfigurement of the husband's face, by the permanent scar. To show that plaintiff's counsel so understood the charge, we have only to look at his brief wherein he argues:

"As long as Mrs. Billett lives with her husband, that scar will be an occasion of shame and disgrace to her. She will be called upon perhaps many times to explain to others the cause of that scar. This ought to be worth the entire amount of the verdict itself."

In *Sissing* v. *Beach*, 99 Mich. 439 (58 N. W. 364), this court said:

"The court further instructed the jury that they

had a right to take into account the injury which plaintiff may have sustained in her feelings on account of this injury to her father. This was error. The injury to the feelings, contemplated by the statute, is the shame, mortification, or disgrace arising from the fact of intoxication; and it does not include, as an element of actual damages, the mental anguish because of the injury received by the person so intoxicated."

See, also, 2 Woollen & Thornton's Law of Intoxicating Liquors, § 1071.

We think there was error in the charge.

The amount of the recovery, when considered in connection with the evidence of positive damages, was a large one. In comparison with the size of the verdict it must be said that the evidence of actual damages, and especially of future damages, was meager. In fact, in view of the record, we think the verdict was excessive, and because of the evidence admitted, and the charge of the court, we are of opinion that the excessive verdict was the result of the errors above referred to. Because of the errors pointed out we are constrained to reverse the judgment below and grant a new trial, with costs to appellant.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.