PODBIELSKI v ARGYLE BOWL, INC

1. INTOXICATING LIQUORS—DRAMSHOP ACT—INFANTS—PARENT AND
   CHILD—DAMAGES—LOSS OF AFFECTION.
   Minor children may recover for the loss of their mother's love,
   affection, and companionship under the dramshop act (MCLA
   436.22).

2. INTOXICATING LIQUORS—DRAMSHOP ACT—CONSTRUCTION—DAM-
   AGES.
   The Michigan dramshop act makes no attempt to limit the scope
   of damages recoverable and the Michigan Supreme Court has
   always construed that act liberally and has not deemed that
   the true legislative intent was to be ascertained by any
   strained or narrow construction of the words employed (MCLA
   436.22).

3. INTOXICATING LIQUORS—DRAMSHOP ACT—DAMAGES—LOSS OF AF-
   FECTION.
   *Barton v Benedict,* 39 Mich App 517 (1972), misperceived legisla-
   tive intent and is overruled to the extent that it conflicts with
   the decision of the Michigan Supreme Court that recovery is
   allowed under the dramshop act for the loss of love, affection
   and companionship (MCLA 436.22).

Appeal from Court of Appeals, Division 1, V. J.
Brennan, P. J., and McGregor and Bronson, JJ.,
affirming in part and reversing in part Wayne,
Nathan J. Kaufman, J. Submitted June 6, 1974.
(No. 16 June Term 1974, Docket Nos. 54,682,
54,683.) Decided August 2, 1974.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 45 Am Jur 2d, Intoxicating Liquors §§ 569, 573.
   What constitutes injury to means of support within civil damage or
      dramshop act. 4 ALR3d 1332.
   What constitutes "injury in person or property" within civil dam-
      age or dramshop act. 6 ALR2d 798.
[2] 45 Am Jur 2d, Intoxicating Liquors § 562.

44 Mich App 280 affirmed.

Complaints by Juanita Podbielski, individually and as guardian of Robert Podina, Florence Ann Podina, and Michael Sanderson, minors, against Argyle Bowl, Inc., for damages under the dramshop act. Judgment for plaintiff. Defendant appeals and plaintiff cross-appealed to the Court of Appeals. Affirmed in part and reversed in part. Defendant appeals. Affirmed and cause remanded for a trial on the issue of damages only.

*Norman L. Zemke* and *Blum, Graber, Meklir & Rosenberg, P. C.,* for plaintiff.

*Sullivan, Ranger, Ward & Bone,* for defendant.

SWAINSON, J. Appellee Juanita Podbielski commenced these two suits under the dramshop act[1] to recover for damages resulting from the death of her daughter, Mrs. Ella Loretta Podina. At trial in Wayne County Circuit Court plaintiff established that Mrs. Podina was killed at 2:10 a.m. on the morning of November 26, 1967, when the automobile operated by her intoxicated husband, Robert Podina, struck a fire hydrant and a utility pole.

The trial testimony indicates that Robert Podina began drinking in the afternoon and early evening of November 25, 1967 at the bar operated by appellant, Argyle Bowl, Inc. At approximately 9:30 p.m. Podina returned home and picked up Mrs. Podina who then accompanied him to the Argyle Bowl. Mr. Podina had several more drinks at the bar and became intoxicated. After the bar closed, he attempted to drive his automobile home. Shortly after leaving the parking lot, the car

---

[1] MCLA 436.22; MSA 18.993.

struck the fire hydrant and the utility pole inflicting the fatal injuries upon Mrs. Podina.

Appellee sought damages in an individual capacity for her daughter's funeral expenses and on behalf of decedent's minor children for the loss of services, comfort, companionship and love of their mother. The trial court did not bar appellee's argument concerning any aspect of the alleged damages. It did, however, restrict the scope of the recovery. The jury was instructed to limit its deliberations to the amounts established by appellee for the funeral expenses and the loss of services to each child.[2]

After deliberating the jury returned a verdict in favor of appellee individually in the amount of $1,730.70 and as guardian of the minor plaintiffs in the combined amount of $20,282. Appellant, Argyle Bowl, Inc., appealed the jury's verdict to the Court of Appeals and appellee then filed a cross-appeal seeking a new trial on the issue of damages only. The Court of Appeals found no merit in appellant's allegations of error but did conclude that the trial court had improperly barred the jury from considering the minor plaintiffs' claim for the loss of their mother's love, affection and companionship. *Podbielski v Argyle Bowl, Inc,* 44 Mich App 280; 205 NW2d 240 (1973).

This Court subsequently granted leave to resolve an apparent conflict between the present case and the case of *Barton v Benedict,* 39 Mich App 517; 197 NW2d 898 (1972).[3]

In its opinion below the Court of Appeals ex-

---

[2] The court declined to give that portion of plaintiff's suggested jury instructions which would have allowed recovery for the loss of love, affection and companionship of their mother by the children.

[3] In appellant's application for leave to appeal the single stated grounds for review was that the Court of Appeals failed to properly apply the rule in *Barton v Benedict, supra.*

plained its decision to reverse the trial court on the issue of damages with the following language:

"On cross appeal, plaintiffs argue that the trial court erred by refusing to allow the minor children to recover for the loss of their mother's love, affection, and companionship. While no case on point has arisen recently, the Michigan Dram Shop Act has been held to permit damages for mental anguish *(Johnson v Grondin,* 170 Mich 447 [136 NW 423] [1912]), shame, disgrace *(Spray v Ayotte,* 161 Mich 593 [126 NW 630] [1910]), mortification *(Lucker v Liske,* 111 Mich 683 [70 NW 421] [1897]), and injured feelings *(Radley v Seider,* 99 Mich 431 [58 NW 366] [1894]). If damages are permissible under the dramshop act for the infliction of such emotional suffering, we see no reason to prevent recovery of damages for the loss of a mother's love, affection, and companionship." 44 Mich App 280, 288 (1973).

In contrast to the above-quoted opinion stands the case strongly relied upon by appellant, *Barton v Benedict, supra.* In that case, plaintiffs, the parents of a deceased minor killed by an intoxicated driver, attempted to recover for mental anguish and the loss of their child's companionship. In *Barton,* the Court of Appeals denied such recovery stating:

"There is not, however, any right to recover for loss of companionship or mental suffering. Loss of companionship or mental suffering has been allowed under the dramshop act for such loss of companionship and mental suffering which arises out of the fact that a previously sober man is rendered a drunkard as a result of illegal liquor sales. *Friend v Dunks,* 37 Mich 25 (1877); *Radley v Seider,* 99 Mich 431 [58 NW 366] (1894); *Lucker v Liske,* 111 Mich 683 [70 NW 421] (1897).

"It has been held, however, that mental anguish resulting from an injury is not recoverable under the dramshop act. *Sissing v Beach,* 99 Mich 439 [58 NW 364] (1894); *Spray v Ayotte,* 161 Mich 593 (1910); *Billett v Michigan Bonding & Surety Co,* 195 Mich 202 [161

NW 908] (1917). Since loss of companionship can be considered to be merely a specific form of mental anguish, by inference damages for loss of companionship arising out of injury or death would not be recoverable under the dramshop act. See also, *Breckon v Franklin Fuel Co,* 383 Mich 251 [174 NW2d 836] (1970), where it was held that loss of companionship was not includable as pecuniary damages." 39 Mich App 517, 521–522 (1972).

After reviewing the cases cited in the *Podbielski* and *Barton* decisions and the cases cited in the briefs on this appeal, we have concluded that the Court of Appeals in the *Podbielski* opinion below properly interpreted the scope of damages recoverable under the dramshop act.

The statute itself makes no attempt to limit the scope of damages recoverable. In relevant part it states:

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support *or otherwise,* by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, shall have a right of action in his or her name against the persons who shall by such selling or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury * * * ."[4] (Emphasis supplied.)

Likewise, "[t]his Court has always construed this statute liberally, and has not deemed that the true legislative intent was to be ascertained by any strained or narrow construction of the words em-

---

[4] This section was amended by 1972 PA 196 subsequent to the trial of the present case. The changes made by 1972 PA 196 do not affect the scope of damages recoverable under the dramshop act.

ployed." *Eddy v Courtwright,* 91 Mich 264, 267; 51 NW 887 (1892).

In several of the cases cited in both *Podbielski* and *Barton* the Court recognized that damages for mental anguish are recoverable under the dramshop act. In many of these cases it is factually true, as appellant contends, that the mental anguish to plaintiff resulted from the transformation of a normally sober man (usually a husband or father of plaintiff) into a drunkard by the liquor sales. See *Friend v Dunks,* 37 Mich 25 (1877); *Radley v Seider,* 99 Mich 431; 58 NW 366 (1894); *Lucker v Liske,* 111 Mich 683; 70 NW 421 (1897); *Spray v Ayotte,* 161 Mich 593; 126 NW 630 (1910); *Ryerson v Phelps,* 163 Mich 237; 128 NW 200 (1910); *Johnson v Grondin,* 170 Mich 447; 136 NW 423 (1912). However, contrary to appellant's implicit assertions, these cases do not indicate that compensation for other aspects of mental anguish was limited under the dramshop act.

The cases cited in *Barton* to support its limited approach to damages were, in our opinion, erroneously relied upon. In both *Spray v Ayotte, supra* and *Sissing v Beach,* 99 Mich 439, 440; 58 NW 364 (1894), this Court rejected jury instructions that would have allowed recovery for mental anguish, not as a matter of law, but because of the plaintiff's failure to establish a factual basis for the damages. Furthermore, *Billett v Michigan Bonding & Surety Co,* 195 Mich 202, 207–208; 161 NW 908 (1917) cannot be read to establish any general principle concerning damages for mental anguish. Its holding is limited to a very narrow situation. In *Billett* the Court held that a plaintiff could not recover damages for the embarrassment that might befall her in the future as a result of the physical injuries sustained by her intoxicated hus-

band.[5] Finally, the case of *Breckon v Franklin Fuel Co,* 383 Mich 251; 174 NW2d 836 (1970) is no longer of precedential value. *Breckon* was overruled by *Smith v Detroit,* 388 Mich 637; 202 NW2d 300 (1972), wherein this Court clearly held that the analogous portions of the wrongful death act[6] do allow for damages resulting from the loss of society and companionship.

Appellant has presented us with no persuasive reason to limit recovery under the dramshop act. We conclude that the Court of Appeals below correctly interpreted the dramshop act to allow recovery for the loss of love, affection and companionship. *Barton v Benedict, supra,* misperceived legislative intent and is overruled to the extent that it conflicts with the present opinion.

The Court of Appeals is affirmed and the cause remanded for a trial on the issue of damages only.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with SWAINSON, J.

---

[5] The dramshop act similarly has been interpreted to not allow recovery by the intoxicated person himself. *See, McDaniel v Crapo,* 326 Mich 555; 40 NW2d 724 (1950); *Spencer v Johnson,* 176 Mich 278; 142 NW 582 (1913).

[6] MCLA 600.2922; MSA 27A.2922.