HOLLIS v ABRAHAM

1. INTOXICATING LIQUORS—DRAMSHOP ACT—STATUTES—AMENDMENTS —EFFECTIVE DATE.

   Suits under the dramshop act commenced before the effective date of the 1972 amendments to the act are governed by the unamended statute.

2. JUDGMENT—SUMMARY JUDGMENT—NO GENUINE ISSUE—TRIAL COURT—PLEADINGS—COURT RULES.

   The trial court may consider any affidavits, pleadings, depositions, or other documentary evidence submitted by the parties when ruling on a motion for summary judgment based on no genuine issue as to any material fact (GCR 1963, 117.2[3]).

3. INTOXICATING LIQUORS—DRAMSHOP ACT—SUMMARY JUDGMENT.

   A defendant's motion for summary judgment in an action for damages under the dramshop act was properly granted, when the trial court properly concluded, after examining all the evidence to be presented to the jury by the plaintiff, that no reasonable inference could be drawn from that evidence to establish intoxication while at the defendant's bar.

4. INTOXICATING LIQUORS—DRAMSHOP ACT—AMENDMENT—SUMMARY JUDGMENT—INTOXICATION—ERROR.

   It was incorrect for a trial court, in granting summary judgment in an action for damages under the dramshop act, to apply the "visibly intoxicated" standard of a 1972 amendment to the dramshop act in an action started prior to the effective date of the amendment; however, it was not reversible error, since even under the dramshop act as it was prior to the 1972 amendment, the evidence did not present a genuine issue as to the intoxication of the deceased at the time in question.

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 45 Am Jur 2d, Intoxicating Liquors § 85.
[2–4] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[6] 22 Am Jur 2d, Damages §§ 67, 164.
  45 Am Jur 2d, Intoxicating Liquors § 564.
  Remarriage of surviving spouse, or possibility thereof, as affecting actions for wrongful death of deceased spouse. 87 ALR2d 252.

5. INTOXICATING LIQUORS—DRAMSHOP ACT—AMENDMENT—JURY IN-
   STRUCTIONS—INTOXICATION—ERROR.

   A trial court's jury instruction in an action for damages under
   the dramshop act, which included the "visibly intoxicated"
   standard of the 1972 amendment to the dramshop act, was
   reversible error where the suit was commenced prior to the
   effective date of the 1972 amendment and the jury could
   reasonably have found that the deceased had been intoxicated
   although not "visibly intoxicated".

6. NEGLIGENCE—WRONGFUL DEATH—DRAMSHOP ACT—EVIDENCE—RE-
   MARRIAGE.

   Evidence of a plaintiff's remarriage, in a wrongful death action, is
   irrelevant and inadmissible; there is no reason to distinguish
   dramshop actions from wrongful death actions in this regard.

Appeal from Wayne, Thomas J. Foley, J. Sub-
mitted October 11, 1975, at Detroit. (Docket Nos.
19872–73.) Decided February 26, 1975.

Complaint by Roma Hollis, for herself and as
next friend of Sandra Hollis, a minor, against
Robert Abraham, individually and doing business
as Palomar Bar; Emil M. Tomasovich, individually
and doing business as Gaylite Bar; Della Bartnick,
individually and doing business as Wal Del
Lounge; and Constantino Hatjoiannou and Telema-
chus Hatjoiannou, individually and doing business
as Driftwood Lounge; for damages under the dram-
shop act. Summary judgment for defendants Gay-
lite Bar, Driftwood Lounge and Wal Del Lounge.
Judgment for defendant Palomar Bar. Plaintiff
appeals. Reversed and remanded for a new trial as
to defendant Palomar Bar.

*Rains, Block & Dean,* for plaintiff.

*Leonard A. Baun.* for defendant Palomar Bar.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &*

*Pedersen, P. C.* (by *William D. Booth)*, for defendant Gaylite Bar.

*Sullivan, Ranger, Ward & Bone,* for defendant Driftwood Lounge.

Before: BRONSON, P. J., and BASHARA AND M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. This appeal involves the dramshop act, MCLA 436.22; MSA 18.993, and the effect of the 1972 amendments, 1972 PA 196, on a suit commenced prior to the effective date of the amendment.

On July 17, 1970, at approximately 4:05 a.m. plaintiff's husband was killed while driving a loaded truck on the Southfield Expressway. On the basis of a blood alcohol test, there was evidence that the husband was intoxicated at the time of the accident. In August, 1971, plaintiff commenced this dramshop action.

Prior to trial, the court ruled that the 1972 amendment to the dramshop act applied to this case. The trial court also denied plaintiff's motion for a protective order to prevent mention of plaintiff's remarriage. All four defendants moved for summary judgment. The court granted summary judgment for three of them, the Driftwood Lounge, the Gaylite Bar, and the Wal Del Lounge. The case proceeded to trial against the fourth, the Palomar Bar, and the jury returned a verdict of no cause of action. Plaintiff appeals of right.

On appeal plaintiff first claims that the trial court erred when it ruled that the 1972 amendment applied to this suit. The court was incorrect in its ruling. Dramshop actions commenced before the effective date of the amendment are governed

by the unamended statute. *Cf. Koehler v DRT Sportservice, Inc,* 55 Mich App 567; 223 NW2d 461 (1974), and *Crawfis v Gardner,* 65 Mich App 502; 237 NW2d 509 (1975). See *Nash v Claggett,* 67 Mich App 315; 240 NW2d 784 (1976).

It is next argued that the grant of summary judgment for defendant Driftwood Lounge was error. Defendant Driftwood's motion was based on GCR 1963, 117.2(3), no genuine issue as to any material fact. In ruling on such a motion, of course, the court may consider any affidavits, pleadings, depositions, or other documentary evidence submitted by the parties.

The only evidence as to defendant Driftwood was the deposition of Rudy Mendoza. The court ruled that Mendoza's testimony presented no evidence that the deceased was intoxicated when served liquor at the Driftwood Lounge. Mendoza testified that the only way he could tell whether the deceased was drunk was by the way he drove. He further testified that when they left the Driftwood the deceased acted just the same as usual and was neither driving nor walking in any unusual manner. The court ruled that the evidence did not meet the "visibly intoxicated" standard.

*"The Court:* As you are aware, the Standard Jury Instruction as it is pertinent to the matter that is before us requires in the case law of the State of Michigan, requires, and I will quote the definition of visible intoxication as quoted, 'is a person who is visibly intoxicated and the intoxication would be apparent to the ordinary observer.'

"It is necessary that at the time the serving of liquor or intoxicant that in this case the deceased was in fact intoxicated as to the Driftwood Bar. All the facts that would be before a jury are present before the Court and the Court is of the opinion that no inferences nor reasonable inferences could be drawn from these facts

which would show that this deceased was intoxicated while at the Driftwood Bar.

"Therefore, as to the Driftwood Bar, I will grant their motion."

Plaintiff also appeals from the grant of summary judgment for defendant Gaylite Bar. Defendant Gaylite's motion was also based on GCR 1963, 117.2(3). The only evidence which placed the deceased at the Gaylite Bar was the deposition of Clifford Tanner. Tanner testified that he saw the deceased in the Gaylite at about 5:30 p.m., that the deceased and he had a beer together, and that the deceased remained at the Gaylite after Tanner left. Tanner indicated that when he left, the deceased was beginning to "loosen up". He stated that the deceased's speech was not slurred. He did not say that the deceased's eyes were glassy, but he did say that, based on previous experiences with the deceased, he had "had more than one beer". Defendant argued that there was no evidence that the deceased was "visibly intoxicated" while at the Gaylite. Defendant also relied on the deposition testimony of Dennis Byrd who saw the deceased after he had been in the Gaylite and who stated that he noticed nothing unusual about the deceased's speech or movements. The trial court ruled that the evidence could not meet the standard required by the statute and granted summary judgment for the Gaylite Bar.

Plaintiff acknowledged that the depositions would be the only testimony as to the deceased's intoxication, apart from that based on the blood alcohol test. All the facts that would be before the jury were before the court. The court concluded that no reasonable inference could be drawn from those facts to establish that the deceased was intoxicated while at either the Gaylite or the

Driftwood. Although it was incorrect for the court to apply the "visibly intoxicated" standard, the error does not require reversal, since even under the dramshop act as it was prior to the 1972 amendment, the evidence did not present a genuine issue as to the intoxication of the deceased when served at the Gaylite or the Driftwood and thus was insufficient to withstand the summary judgment motions by defendants Driftwood Lounge and Gaylite Bar. See *Juckiness v Supinger,* 323 Mich 566; 36 NW2d 148 (1949).

The case went to the jury against defendant Palomar Bar only. The court instructed the jury that plaintiff had to prove that the deceased was "visibly intoxicated" at the time he was allegedly sold liquor by defendant. The court gave the definitions of "intoxicated" and "visibly intoxicated" found in SJI 27.02. Plaintiff argues that a new trial is required because of these instructions.

The insertion of the word "visibly" before "intoxicated person" substantially altered a cause of action under the statute. The plaintiff's burden of proof has been made more difficult. *Koehler v DRT Sportservice, Inc, supra.* By instructing the jury that plaintiff had to prove visible intoxication, the trial court imposed a higher burden of proof on plaintiff. Absent the "visibly intoxicated" standard, the jury might have concluded that plaintiff was intoxicated, when sold liquor by defendant, based on trial testimony as to the deceased's blood alcohol content at the time of his death, together with the deposition testimony. To give the "visibly intoxicated" instruction was error and entitles plaintiff to a new trial.

Plaintiff also appeals from the court's adverse ruling on her motion for a protective order. In a wrongful death action evidence of remarriage is

irrelevant and inadmissible. *Bunda v Hardwick,* 376 Mich 640; 138 NW2d 305 (1965), *Bradfield v Estate of Burgess,* 62 Mich App 345; 233 NW2d 541 (1975). We see no reason to distinguish dramshop actions from wrongful death actions in this regard. See, *e.g., Podbielski v Argyle Bowl, Inc,* 392 Mich 380, 386; 220 NW2d 397 (1974). On retrial plaintiff is entitled to a protective order as requested.

Reversed and remanded for a new trial as to defendant Palomar Bar.