ELLEN R. HAMMELL, as Limited Ancillary Administratrix, etc., of MILTON B. HAMMELL, Deceased, Appellant, v. "HAROLD" MANNSHARDT, First Name "Harold" Fictitious, True First Name Unknown to Plaintiff, Respondent.— Plaintiff's intestate instituted this action under the New Jersey, Pennsylvania and Federal statutes to recover damages for an assault committed upon him by one Jacolynn Farrard while she was intoxicated. The New Jersey and Federal statutes in substance render one who causes or contributes to the intoxication of a person liable in damages for personal injuries caused by such intoxicated person. The Pennsylvania statute renders one who furnishes liquor to an intoxicated person similarly liable. While the action was pending plaintiff's intestate died and the action was continued by plaintiff as administratrix. The New Jersey and Federal statutes above referred to provide that such an action survives. The Pennsylvania statute above referred to is silent in this respect but in that State personal injury actions — except in certain instances not pertinent here — do not abate but may be prosecuted by the executor or administrator of the deceased party. The learned trial court held plaintiff as administratrix may not recover for pain and suffering of her intestate or for his medical expenses, and as plaintiff was not the wife of the deceased when the assault occurred, she as administratrix could not maintain the action. This was error. The action is not based upon the death of the injured party. The basis of the action is the injury and consequent loss not to his dependents but to himself. The damages recoverable are the same as the injured party could have recovered if death had not ensued and include damages for pain and suffering up to the time of his death. (*Maher* v. *Phila. Traction Co.*, 181 Penn. St. 391; 37 A. 571; *McCafferty* v. *Penn. R. R. Co.*, 193 Penn. St. 339; 44 A. 435; *Edwards* v. *Gimbel*, 202 Penn. St. 30; 51 A. 357.) Under the statutes the action may be continued and prosecuted by the administratrix. The fact that plaintiff was not the wife of her intestate at the time the assault was committed is immaterial. In our opinion the plaintiff established a *prima facie* case. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Appeal from order dismissing the complaint dismissed. The record contains no such order. Lazansky, P. J., Carswell, Johnston and Adel, JJ., concur; Hagarty, J., dissents and votes to affirm the judgment, but concurs for the dismissal of the appeal from the order on the ground that the order is not printed in the record.