Joseph Bator, as Administrator of the Estate of Victoria Pohorseky, Deceased, Respondent, v. E. Arthur Barry, Doing Business as Cobblestone Hotel, Appellant.

Fourth Department, July 8, 1953.

*Albert V. Moore* for respondent.

*Robert K. Murray* and *Frank W. Baker* for appellant.

Taylor, P. J. This is an appeal by defendant from an order of Special Term of the Supreme Court, Onondaga County, which denied defendant's motions for dismissal of the complaint under rule 107 and for judgment on the pleadings under rule 112 of the Rules of Civil Practice and denied other and alternative relief.

The complaint alleges in substance that plaintiff's intestate, while lawfully operating an automobile on the Onondaga Lake Parkway on November 27, 1950, received great and serious external and internal injuries as a result of a collision between an automobile operated by her and one owned and operated by one Riley; that as a result of said injuries she died en route to the Onondaga General Hospital from the scene of the collision. The complaint further alleges that said Riley was intoxicated at the time and the collision was a result of his intoxication; that defendant caused and contributed to the intoxication of said Riley by unlawfully selling to him intoxicating liquor or alcoholic beverages although defendant knew or could ascertain by observation of the said Riley that he was then and there under the influence of liquor and intoxicated; that " as a result of the aforegoing, plaintiff has become entitled to the provisions of the Civil Rights Law, Section 16, to recover from the defendant the actual damages sustained by him as aforesaid and exemplary damages ". Judgment is demanded against defendant in the sum of $25,000 with the costs and disbursements of the action.

Section 16 of the Civil Rights Law reads as follows:

" 16. *Recovery of damages caused by the illegal sale of intoxicating liquor.*

" Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages. In case of the death of either party, the action or right of action given by this section shall survive to or against his or her executor or administrator, and the amount so recovered by either wife or child shall be his or her sole and separate property. Such action may be brought in any court of competent jurisdiction. In any case where parents shall be entitled to such damages, either the father or mother may sue alone therefor, but recovery by one of such parties shall be a bar to suit brought by the other."

In view of the allegations of the complaint and the provisions of said section 16, it is difficult to understand the theory upon which defendant seeks a reversal of the order.

Defendant asserts that the complaint is one for wrongful death because plaintiff's intestate died almost immediately after the accident. No authority is cited in support of this assertion, and paragraph Fourteenth of the complaint, quoted above in part, shows that the action is based upon said section 16 of the Civil Rights Law, which gives a right of action not based upon the death of the injured party, but based upon the injury and consequent loss to the injured party, and which, in case of his death, survives to his administrator or executor. (*Hammell* v. *Mannshardt,* 248 App. Div. 624.) Defendant cites several cases involving statutory death actions, none of which have any application to our case. Defendant further says that the complaint does not allege facts showing the action to be a survival action. In this we think he is mistaken. Facts are alleged that show that plaintiff's intestate received personal injuries for which the defendant is liable and that such injuries resulted in her death. Allegations of these facts should be sufficient under the statute. The exact nature of the injuries, how long she lived after receiving them and whether she suffered pain in connection therewith would be the subject of proof upon the trial.

Defendant further asserts that the complaint fails to allege facts showing a causal connection between the alleged unlawful sale of intoxicating liquors by defendant and the accident. This assertion is sufficiently answered by paragraphs Ninth and Tenth of the complaint which read as follows:

" Ninth: Upon information and belief, that at the time and place aforesaid, while driving and operating his said automobile, the said Edward Bernard Riley was drunk and intoxicated and incompetent to properly drive and control his automobile, all in violation of and in deliberate disregard of the Statutes of the State of New York in such cases made and provided.

" Tenth: That at the heretofore mentioned time and place the collision heretofore described happened as a result of the said Edward Bernard Riley's intoxication while he was in a stupefied condition from the use of the intoxicating liquor and alcoholic beverages sold to him by the defendant, his agents, servants, or employees, and while he was unable to properly drive and control his automobile."

Defendant claims that the only persons who may maintain an action under said section 16 are the injured wife, children or parents of the person injured by one to whom liquor is unlawfully sold. The answer to this contention is that the statute itself gives a right of action to the injured person and provides that such action or right of action shall survive to his or her executor or administrator. Again the cases cited by appellant are not in point. In the main they involve actions by a wife or dependent for injury to means of support, while our case deals with an injury to the person.

Defendant further suggests that the complaint fails to allege any unlawful sale of liquor by the defendant. Apparently defendant overlooks paragraph Fourth of the complaint in which it is alleged that defendant caused and contributed to the intoxication of Riley by unlawfully selling to him intoxicating liquor when he was under the influence of liquor and intoxicated. A sale of alcoholic beverages under such circumstances is unlawful. (Alcoholic Beverage Control Law, § 65, subd. 2.)

Defendant contends that the release executed by the husband of plaintiff's intestate is a bar to the action. We find no merit in this contention.

It appears from the affidavit and supporting papers (pleadings in the *Riley* action and the Surrogate's records) submitted by defendant upon the motion under rule 107 that plaintiff's intestate left her surviving a husband, but no children; that shortly

after decedent's death the plaintiff, her husband's uncle, was appointed administrator of her estate; that as such administrator he commenced an action against Riley to recover damages for wrongful death pursuant to section .130 of the Decedent Estate Law, and shortly thereafter brought this action against Barry (defendant herein) predicated upon said section 16 of the Civil Rights Law; that thereafter plaintiff, as administrator, received $4,250 from Riley, discontinued that action and delivered to Riley a covenant not to sue with the stipulation therein that the action against Barry was not to be affected thereby and reserving all his rights therein.

The rule is well settled that " Where the release contains no reservation it operates to discharge all the joint tort feasors; but where the instrument expressly reserves the right to pursue the others it is not technically a release but a covenant not to sue, and they are not discharged." (*Gilbert* v. *Finch,* 173 N. Y. 455, 466.)

While it seems clear that Riley and Barry were not subject to liability as joint tort-feasors under the cause of action for wrongful death, even if they were, Barry was not released. Moreover, no cause of action against Riley for injury to person or property was joined with the action for wrongful death which was discontinued. Nor do we read the order of the Surrogate permitting settlement of the *Riley* action as going any further than to discharge the administrator from liability for the sums received by him in the *Riley* action.

The order appealed from should be affirmed.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, PIPER and WHEELER, JJ.

Order affirmed, with $10 costs and disbursements.