■ EVA FREEMAN, as Administratrix of the Estate of GALLOWAY FREEMAN, JR., Deceased, Respondent, v. CORBIN AVENUE BUS COMPANY et al., Appellants.— Judgment entered in the Supreme Court, New York County, on March 19, 1974, in favor of the plaintiff in the amount of $130,000, unanimously reversed, on the law and the facts, and a new trial granted solely on the issue of damages, with costs and disbursements of this appeal to abide the event, unless plaintiff-respondent, within 20 days of service upon her by the defendants-appellants of a copy of the order entered hereon, with notice of entry, serves and files in the office of the clerk of the trial court, a written stipulation consenting to reduce the verdict to $50,000 and to the entry of an amended judgment in accordance therewith. If plaintiff-respondent consents to the reduction, the judgment, as so amended and reduced, is unanimously affirmed, without costs and without disbursements. On April 26, 1970 plaintiff's decedent was a passenger in a Renault automobile being driven on the Connecticut Turnpike. Appellants' GMC bus was going in the same direction. The record establishes that, after skidding 111 feet, the left front bumper of the bus struck the left rear portion of the Renault. The decedent was thrown from the car and suffered multiple skull fractures resulting in his death at the scene. There was evidence that the driver of the Renault for no apparent reason changed lanes as he was proceeding ahead of the bus. There was also evidence of the presence of a considerable amount of alcohol in the driver's as well as in the decedent's blood. Nonetheless, the issues of negligence and contributory negligence, as well as the effect of the Connecticut statute restricting the use of the left-hand lanes on the Turnpike by motor buses, were properly submitted to the jury, who found for the plaintiff. Their verdict on the issue of liability was not against the weight of the credible evidence. In the circumstances we may not substitute our judgment for that of the jury and, therefore, we affirm. On damages, however, we conclude that the verdict is excessive. Plaintiff, decedent's wife, testified that she received $50 a week from the decedent who had a life expectancy of 26.8 years. However, when confronted with records of the Department of Social Services, Mrs. Freeman admitted that she and her children had been on and off welfare since 1963; that her husband had been committed to Pilgrim State Hospital for a period of six months in 1963 because of a drinking problem; that decedent had tried to kill her and their children and drank heavily; that for a long time she lived in fear that her husband would kill her and she requested the Welfare Department not to tell her husband her whereabouts; and that she had sworn out many warrants for his arrest and had obtained numerous court orders for family support. Lastly, she testified that for a period of about two years before the accident, she had no knowledge of the whereabouts of her husband. On this record, the damages assessed were excessive and we have conditioned an affirmance on the consent of the plaintiff to a reduction of the verdict as indicated. Concur — Nunez, J. P., Kupferman, Murphy, Steuer and Capozzoli, JJ.