■ CARMINE PETOSA et al., Appellants, v CITY OF NEW YORK et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., in which the jury returned verdicts in favor of the plaintiffs in stated amounts, plaintiffs appeal from an order of the Supreme Court, Richmond County, dated June 27, 1977, which (1) upon defendants' motion to set aside the verdicts as excessive, granted the motion as to plaintiffs Carmine Petosa and Rose and Antonio Improta, and (2) denied plaintiff Richmond Avenue Fishmarket's motion for interest on its property damage award. Order modified by deleting therefrom the provision which granted defendants' motion and substituting therefor a provision that the said motion is denied. As so modified, order affirmed, with costs to appellants, and action remitted to the Trial Term for entry of an appropriate judgment upon the jury verdicts. In our opinion, there was sufficient evidence to support the findings of the jury as to the amount of damages. There is nothing in the record to suggest the verdicts in the plaintiffs' favor were unfair or unconscionable. To warrant interference with a jury's assessment of damages, the excessiveness or inadequacy of the award must be such as

to shock the conscience of the court. On the record before us that test has not been met and thus the trial court acted improvidently in its determination of the motion to set aside the verdicts (see *Reich v Mater Serv. Co.,* 39 AD2d 737). With respect to Richmond Avenue Fishmarket's claim for damages to its motor vehicle, Richmond and defendants stipulated at the trial that the property damage sustained was $1,150. At the conclusion of the trial, Richmond's counsel moved for interest thereon from the date of the accident, January 14, 1971. The court ultimately denied that motion. On this appeal defendants argue that: "It is clear that the stipulation for the property damage claim was in a fixed and certain amount. To add interest to that amount, for a period of time prior to the stipulation would be to vary and negate the stipulation." We are in accord and conclude that Richmond's motion for interest was properly denied. Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.