VINCENT R. VALICENTI, Individually and as Parent and Guardian of MARGARET VALICENTI, et al. Infants, Respondent, v ALBERT M. VALENZE et al., Doing Business as the BRASS RING, Appellants.

Third Department, May 9, 1985

**APPEARANCES OF COUNSEL**

*Thaler & Thaler* (*Nathaniel F. Knappen* of counsel), for appellants.

*Denton, Keyser, LaBrecque & Moore* (*Peter C. Buckley* of counsel), for respondent.

**OPINION OF THE COURT**

LEVINE, J.

This action was brought by plaintiff against defendants as partners operating a bar in the City of Elmira and arises out of the death of Judy H. Valicenti, plaintiff's wife and the mother of his children. The complaint alleges that defendants unlawfully and negligently sold the deceased alcoholic beverages while she was intoxicated and, as a result, she was killed in an accident while driving her automobile from the bar. The single cause of action claims damages in negligence and under the Dram Shop Act (General Obligations Law § 11-101) for plaintiff's and the children's loss of "support, maintenance, care, nurture, love, guidance, training and education". Pretrial discovery disclosed that the deceased had left her family some 10 months before the accident, was contemplating divorce, and was not contributing

toward the family support but, in fact, was being partially supported by her husband. Defendants moved for summary judgment on the grounds that plaintiff and his children suffered no loss of support for which they can recover under the Dram Shop Act and that their remaining claims for damages are invalid as a matter of law. They appeal from the denial of that motion.

In contending that plaintiff's evidence was legally insufficient to establish that he and the children were "injured in * * * means of support" (General Obligations Law § 11-101 [1]), defendants principally rely on *Volans v Owen* (74 NY 526), followed in *McNally v Addis* (65 Misc 2d 204, 223), for the proposition that a Dram Shop Act cause of action based on lost support is only maintainable by one who was actually accustomed to receiving support from the intoxicated person and was reduced to a state of dependency by the loss incurred. Defendants argue that this necessary element of plaintiff's cause of action was conclusively negated in pretrial discovery, and that plaintiff's proof that his wife was working and receiving educational training to increase her earning potential for future contributions to the family's resources, was too speculative and remote as a basis of showing loss.

■ For the reasons that follow, we decline to apply such a restrictive interpretation of the statute. First, the original Dram Shop Act statute (L 1873, ch 646) was entitled "An Act to Suppress Intemperance, Pauperism and Crime", and a reading of *Volans v Owen* (*supra*) and other early cases discloses that the courts drew heavily on that statement of legislative purpose in construing the scope of the new civil remedy thereby created. The quoted purpose was not, however, carried forward in various later revisions and reenactments of the Dram Shop Act, through its incorporation in its present form in Civil Rights Law § 16 (L 1921, ch 157). Therefore, it cannot be assumed that the original, narrow statutory purpose was the sole motivation for the subsequent Dram Shop Act legislation. Indeed, more recent cases focus broadly on the deterrent and remedial purposes of the act through its imposition of strict liability (*see, Wright v Sunset Recreation,* 91 AD2d 701; *Matalavage v Sadler,* 77 AD2d 39, 43; *Mitchell v The Shoals, Inc.,* 26 AD2d 78, 79, *affd* 19 NY2d 338). Accordingly, the early legal history of the Dram Shop Act and its correspondingly rigorous interpretation in the case law is not controlling.

Second, both *Volans v Owen* (*supra*) and *McNally v Addis* (*supra*) involve loss of support claims by parents for the death or disablement of their minor children who were sold alcoholic

beverages. Such children owed no duty of support to the plaintiffs in those cases. Here, however, the deceased was directly chargeable by statute for both spousal support and child support until each child's 21st birthday (Family Ct Act §§ 412, 413, *as amended by* L 1980, ch 281, §§ 27, 28). Although there is a dearth of modern New York decisional law construing the means of support provisions of the Dram Shop Act in cases brought on behalf of a spouse or a dependent child, contemporary cases in other jurisdictions applying similar statutes find the distinction critical, relaxing the requirements of proof of actual loss or dependency when the claimed lost support was from a parent or spouse (*see, Paine v Water Works Supply Co.,* 269 NW2d 725, 731 [Minn]; *Hollerud v Malamis,* 20 Mich App 748, 761-762, 174 NW2d 626, 634; *Grant v Paluch,* 61 Ill App 2d 247, 256-257, 210 NE2d 35, 41; Ann., 4 ALR3d 1332, 1338-1339). Lastly, on this issue, it was early recognized that, while the Legislature created a new cause of action in the Dram Shop Act, it "made no change in the rules of ascertaining and determining the damages, or the limits of liability * * * but left them subject to the existing rules of damages, and to the facts established upon the trial" (*Reid v Terwilliger,* 116 NY 530, 533-534). This thus suggests that we may give effect in Dram Shop Act cases to more current developments in the rules regarding damages, which generally do not require proof of certain losses once a wrong has been established, but permit the jury to consider all of the facts and circumstances having any tendency to show damages or their probable amount (*Jones Co. v Burke,* 306 NY 172, 192). Applying this standard in wrongful death actions, the courts have permitted some recovery on facts analogous to those of the instant case (*Didocha v State of New York,* 54 AD2d 786; *Freeman v Corbin Ave. Bus Co.,* 46 AD2d 747). Given the loss by plaintiff and the children of the deceased as a legal source of support, together with her contributions before death and her earning potential, we likewise find that a question of fact on damages for injury to the means of support was presented.

■ Next to be considered is defendants' claim that the Valicenti children's loss of their mother's "care, nurture, love, guidance, training and education" is not compensable under the Dram Shop Act and that, therefore, partial summary judgment should have been granted at least to the extent of dismissing that portion of their cause of action. In addition to the remedy afforded in the original act for losses to person, property or means of support, since 1921 (L 1921, ch 157), the act has provided for recovery to a person "injured * * * *otherwise* * * * by

reason of the intoxication of any person" (General Obligations Law § 11-101 [1]; emphasis supplied). We have not been cited to any legislative history regarding this change, but obviously the "otherwise" was intended to broaden the statutory remedy to include additional harms caused by the unlawful sale of alcoholic beverages. In some jurisdictions, this provision has been held to cover the full range of relief sought here, including recovery for loss of love, comfort and companionship occasioned by the death of a parent or spouse (*see, Podbielski v Argyle Bowl,* 392 Mich 380, 220 NW2d 397; Ann., 78 ALR3d 1199, 1210-1212). We are not persuaded that the remedy under our statute should be applied to that full extent. New York law has refused to entertain loss of consortium actions beyond the types of derivative claims generally recognized at common law (*see, De Angelis v Lutheran Med. Center,* 58 NY2d 1053, 1055), and has expressly rejected recovery for all forms of noneconomic loss in actions based on the death of a loved one (*Liff v Schildkrout,* 49 NY2d 622, 634). Without a sound basis to indicate that the additional statutory language was intended to effect such a drastic departure from long-standing State policy and practice, it would be inappropriate judicially to permit recovery under the Dram Shop Act for the children's noneconomic consortium injuries such as grief, love and loss of society (*cf. supra,* at p 633).[*]

We reach a different conclusion with respect to the claims on behalf of the Valicenti children regarding the loss of their deceased mother's services, guidance, training and education. We must, of course, ascribe some meaning to the 1921 enactment extending liability under the Dram Shop Act beyond injuries to the person, property or means of support. In our view, absent a more specific indication of legislative intent, the proper scope of the additional coverage of the act can best be ascertained by reference to the means by which the remedial purpose of the legislation was originally achieved. At common law, a vendor was not liable for the off-premises acts of an intoxicated vendee, on the grounds that there was no duty to control such acts (*Schirmer v Yost,* 60 AD2d 789) or that the sale of the intoxicants was not a proximate cause (3 NY Jur 2d, Alcoholic Beverages, § 120, at 457). It has been observed that the Dram Shop Act was intended to remove those common-law barriers to recovery in tort for injuries to person, property and means of support, which were actionable as civil wrongs in various other

---

[*] It is noteworthy that the same court that extended Dram Shop Act recovery to loss of a deceased's consortium has previously extended similar relief in statutory wrongful death actions (*see, Smith v City of Detroit,* 388 Mich 637, 202 NW2d 300).

settings (*Gabrielle v Craft,* 75 AD2d 939, 940; *Edgar v Kajet,* 84 Misc 2d 100, 101-102, *affd* 55 AD2d 597). This being so, it is reasonable to infer that the statutory extension of Dram Shop Act liability on behalf of persons *otherwise* injured was motivated by a similar purpose, namely, to permit recovery for such additional harms arising out of the unlawful sale of the intoxicant as would be *otherwise legally cognizable* in negligence or another tort, but for the same common-law barriers. Consistent with the foregoing analysis, cases have permitted Dram Shop Act recovery by a parent for loss of the services of her injured, intoxicated minor child (*Vadasy v Feigel's Tavern,* 88 Misc 2d 614, *affd* 55 AD2d 1011) and by an estate for its decedent's pain and suffering prior to death caused by an intoxicated driver (*Bator v Barry,* 282 App Div 324).

Applying the foregoing interpretation of the "otherwise" language of the statute to the instant case, the Valicenti children should be accorded the opportunity to recover damages representing the economic worth of the loss of their deceased mother's parental services, such as care, guidance, education and training, occasioned by the alleged unlawful sale to her of alcoholic beverages by defendants. Under long-established New York law, such loss would have been legally cognizable in a wrongful death action upon proof of defendants' negligence or another tort causing their mother's death (*Tilley v Hudson Riv. R.R. Co.,* 24 NY 471, 476; 67 NY Jur, Wrongful Death, § 168). Imposing Dram Shop Act liability when the same loss is occasioned by the unlawful sale of alcoholic beverages to the parent would thus comport with the statutory language of the remedial purposes of the Dram Shop Act. By a parity of reasoning, plaintiff should also have the opportunity to establish before a jury the value of domestic services, if any, which the deceased might reasonably have been expected to have rendered him if she had continued to live. Although plaintiff's proof of any such loss was scant at the discovery stage, he should not be foreclosed from developing further evidence thereof at the trial.

Finally, we agree with defendants that, insofar as the complaint purports to claim recovery on the basis of common-law negligence, the sole remedy for loss arising out of the negligently caused death is a statutory action for wrongful death (EPTL 5-4.1; *Weinheimer v Hoffman,* 97 AD2d 314, 319; *Osborn v Kelley,* 61 AD2d 367, 370).

KANE, J. (concurring in part and dissenting in part). It is well settled that any claim for loss of consortium due to death must be founded in statutory authority (*Liff v Schildkrout,* 49 NY2d 622, 633; *Young v Robertshaw Controls Co.,* 104 AD2d 84). I am

unable to agree with the majority that the Legislature, by including the words "or otherwise" in the Dram Shop Act, intended to overrule the well-established common-law rule that would not allow recovery herein for loss of consortium (*supra; see also, De Angelis v Lutheran Med. Center,* 58 NY2d 1053). Such a result is in keeping with the fact that "the courts of this State have consistently honored [the] legislative policy of limitation on damages" (*Liff v Schildkrout, supra,* p 634). (*Cf. Gabrielle v Craft,* 75 AD2d 939; *McNally v Addis,* 65 Misc 2d 204, 223.)

Accordingly, I would grant partial summary judgment in favor of defendants with respect to plaintiff's claims for loss of consortium.

MAHONEY, P. J., CASEY and WEISS, JJ., concur with LEVINE, J.; KANE, J., concurs in part and dissents in part in an opinion.

Order modified, on the law, without costs, by granting dismissal of so much of the complaint as claims recovery for noneconomic consortium damages and for negligently causing the death of Judy H. Valicenti, and, as so modified, affirmed.