■ AGNES E. McFARLAND, Appellant, v IRENE MAKOWSKI, Respondent.—In an action to recover damages for personal injuries, plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered February 17, 1984, which, upon a jury verdict in her favor, awarded her the principal sum of only $10,000.

Judgment reversed, on the facts, with costs to the plaintiff, and new trial granted on the issue of damages only, unless within 30 days after service upon her of a copy of the order to be made hereon, with notice of entry, the defendant shall serve and file in the office of the clerk of the Supreme Court, Dutchess County, a written stipulation consenting to increase the amount of the verdict in favor of the plaintiff to $30,000, and to the entry of an amended judgment accordingly. In the event that the defendant so stipulates, then the judgment, as so modified, is affirmed insofar as reviewed, with costs to the plaintiff.

In general, in order to warrant interference with a jury's assessment of damages, the excessiveness or inadequacy of the award must be such as to shock the conscience of the court (*Petosa v City of New York,* 63 AD2d 1016; *O'Connor v Roth,* 104 AD2d 933, *appeal dismissed* 64 NY2d 934). After being bitten on the right hand by a dog, this 71-year-old plaintiff underwent two skin graft operations, and now has an unsightly scarred area on her hand, which includes a permanent depressed area and some swelling. She has lost 30% to 40% of the normal utility of her thumb, can no longer oppose her

---

thumb and little finger, and has a reduced ability to grip objects. After deducting the amounts stipulated to by the parties. for medical expenses ($3,623.55) and lost wages ($306.52), the jury awarded the plaintiff some $6,000 for her pain and suffering. On this record, we conclude that this award was so inadequate as to shock the conscience of this court to the extent indicated.

Under the circumstances of this case, we do not find that the trial court committed reversible error in refusing to allow plaintiff's attorney to place his *opinion* as to the amount of his client's damages before the jury during summation. Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.