OPINION OF THE COURT
J. Robert Lynch, J.
Defendant’s motion for summary judgment raises for the first time in New York the question whether damages for mental anguish, unaccompanied by any physical injury, are recoverable under the present Dram Shop Act (General Obligations Law § 11-101).
Between 11:30 p.m. and midnight on a dark night in January 1985, the plaintiff was driving her car on an unlighted road winding around a development and a golf course. She suddenly saw, immediately ahead of her, an object lying in the road which she thought at first was a black plastic bag of garbage. She swerved to miss it but could not avoid striking it. Curious as to what she had struck, she pulled to the side of the road, stopped the car, and got out. It was a shocking sight: a decapitated and mutilated man’s body was lying on the highway. The body was later identified and found to have had a tissue alcohol content of .03%. It was that of a man who had been drinking at the defendant’s club and had left there to walk home. Since the accident, the plaintiff has been suffering from posttraumatic stress disorder which has manifested itself *581 in nightmares, weeping spells, depression, insomnia, anxiety, distress, and a fear of driving and of the area of the accident.
For our purposes, General Obligations Law § 11-101 provides: "1. Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person * * * shall have a right of action against any person who shall * * * have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages.”*
The defendant argues that there is no compensable cause of action for mental anguish in New York but its citations are all referable to common-law negligence. The Dram Shop Act, however, creates "a right of action and imposes a liability not known to the common law” (Bertholf v O’Reilly, 74 NY 509, 524). It has already been held that the statute created a "new type of damages permitted to be recovered by one injured in 'means of support’ ” (McNally v Addis, 65 Misc 2d 204, 209, citing Volans v Owen, 74 NY 526, and Quinlan v Welch, 141 NY 158). We now hold that it allows another new type of damages, for mental anguish.
At a time, 1875, when the Dram Shop Act in New York permitted recovery only for those "injured in person, or property, or means of support” (L 1873, ch 646), it was held that there was no ground for action for a wife for loss of the companionship of her husband whose death resulted from intoxicants sold him by the defendant (Hayes v Phelan, 4 Hun 733). This holding conforms to a pattern generally applicable throughout the country — where the statute limits recovery to injury in person, property, or means of support, no recovery for mental anguish is allowed; where the statute expands recovery beyond injury in person, property or means of support, recovery for mental anguish is allowed (see, Recovery under Civil Damage [Dram Shop] Act for Intangibles Such as Mental Anguish, Embarrassment, Loss of Affection or Companionship, or the Like, Ann., 78 ALR3d 1199, § 2 [a], at 1203).
In his scholarly analysis of the Dram Shop Act in 1970, Justice Joseph F. Gagliardi, in acknowledged obiter dictum, noted, "The phrase 'or otherwise’, was added in 1921, and may permit recovery for mental distress” (McNally v Addis, 65 Misc 2d 204, 223).
*582 The Michigan Dram Shop Act for example has, since 1887, permitted recovery to those injured in person, property, means of income "or otherwise”. As early as 1894, the court there determined that the addition of the "or otherwise” clause made the statute broad enough to encompass damages for mental suffering (see, Radley v Seider, 99 Mich 431, 433, 58 NW 366; see also, Podbielski v Argyle Bowl, 392 Mich 380, 220 NW2d 397; cf. Maples v Chinese Palace, 389 So 2d 120 [Ala]).
We find that the 1921 amendment to the New York statute, adding "or otherwise” must be viewed as a broadening that would include a right of recovery for mental anguish.
The defendant would have us limit the application of the statute to persons, other than those economically dependent on the victim of an intoxicated person, who are "physically injured by the act of an intoxicated person”. To do so would be a judicial enactment striking the Legislature’s amendment which added "or otherwise”. Words in a statute cannot be ignored. We are bidden to read statutes so that each word will have a meaning (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 98 [a], p 223). Defendant’s argument would also require that the intoxication be the proximate cause of the occurrence causing the injury. This is best answered in Mc-Nally v Addis (supra, pp 209-210): "To adopt [this] principle would virtually emasculate the Dram Shop Act and require the application of common-law rules, which clearly was not the intent of the Legislature. One authority has noted a difference in the application of proximate 'cause where the injury was caused by an intoxicated person as opposed to where injury is caused 'by reason of the intoxication of any person’ * * * Nevertheless, the cases recognize that where a statute imposes liability for a violation thereof, proximate cause in the ordinary negligence sense is not required; merely 'some practical or reasonable connection between the act it makes wrongful and the injuries sustained’ suffices * * * Accordingly, under the Dram Shop Act controlling precedent holds that a remote proximate cause between the sale and injury is sufficient to impose liability upon the vendor”.
The motion must be denied.

 "Actual” damages are compensatory damages, as distinct from nominal damages and exemplary damages (see, 36 NY Jur 2d, Damages, § 1).