MICHELLE WINJE, Respondent, v CAVALRY VETERANS OF SYRACUSE, INC., Appellant.

Memorandum: While driving her vehicle at about 11:30 one evening, plaintiff came upon an object in the roadway.

She unsuccessfully swerved to avoid the object and upon striking it, believed it might have been an animal or person. She pulled her car to the side of the road, went back to observe the object and then saw the decapitated body of a man. Plaintiff has been under medical care receiving psychotherapy since this incident. Plaintiff commenced the instant action to recover damages under the Dram Shop Act (General Obligations Law § 11-101) for, *inter alia,* emotional and psychological trauma, alleging that the individual's presence in the roadway was a result of his intoxication and that defendant served alcoholic beverages to decedent in violation of the statute.

Defendant moved for summary judgment dismissing that portion of the complaint seeking recovery for emotional and psychological trauma upon the theory that such damages are not recoverable in the absence of a physical injury. Special Term denied the motion, concluding that damages for mental anguish are recoverable under General Obligations Law § 11-101 (1) *(Winje v Cavalry Veterans,* 130 Misc 2d 580).

We agree that damages for emotional and psychological trauma directly resulting from a violation of the Dram Shop Act are recoverable.

Plaintiff has alleged that her injury resulted "by reason of the intoxication" (General Obligations Law § 11-101 [1]) of decedent and that she has adequately shown that her feelings of guilt and phobia of driving are the direct result of striking the body in the roadway. Under these circumstances, emotional distress or trauma is a species of personal injury *(see, Hyatt v Pepsi-Cola Albany Bottling Co.,* 32 AD2d 574; PJI 2:284) encompassed within the language "injured in person" in the Dram Shop Act. (Appeal from order of Supreme Court, Onondaga County, Lynch, J.—summary judgment.) Present—Doerr, J. P., Green, Balio, Lawton and Schnepp, JJ. *[See,* 130 Misc 2d 580.]