SUSAN K. SCHEU, Appellant, v HIGH-FOREST CORPORATION, Doing Business as GLENWOOD PINES, et al., Respondents. (Action No. 1.)

JAMES W. SCHEU et al., as Administrators of the Estate of SARA A. SCHEU, Deceased, Appellants, v HIGH-FOREST CORPORATION, Doing Business as GLENWOOD PINES, et al., Respondents. (Action No. 2.)

Third Department, July 9, 1987

## APPEARANCES OF COUNSEL

*Thaler & Thaler (Nathaniel F. Knappen* of counsel), for appellants.

*Williamson & Clune (Robert J. Clune* of counsel), for respondents.

### OPINION OF THE COURT

CASEY, J.

On July 26, 1981, at about 2:00 A.M., in the Town of Ithaca, Tompkins County, an automobile being operated in a northerly direction on Route 89 by plaintiff Susan K. Scheu (hereinafter plaintiff), in which her sister Sara Anne Scheu (hereinafter decedent) and a third person were passengers, was struck head-on by a vehicle being operated in a southerly direction

by Daniel Mahaney, which crossed the double yellow lines into plaintiff's lane of travel. Both passengers in plaintiff's vehicle were killed instantly and plaintiff was seriously injured. Daniel Mahaney was also killed. An autopsy revealed his blood alcohol content to be .20%. Mahaney had spent the evening of July 25, 1981 and the early morning hours of July 26, at least up until 1:00 A.M., at defendant Glenwood Pines, a restaurant and grill. He had his dinner there with which he had a beer, and then proceeded to drink an undetermined number of gin and tonics. Between 1:00 A.M. and 1:30 A.M., Mahaney left with one of the waitresses whom he took home before the accident.

These two consolidated actions resulted from the accident. Both are brought under the Dram Shop Act (General Obligations Law § 11-101), which provides in relevant part that:

"1. Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to * * * such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages.

"2. In case of the death of either party, the action or right of action given by this section shall survive to or against his or her executor or administrator, and the amount so recovered by either a husband, wife or child shall be his or her sole and separate property."

The purpose of this act is to compensate victims for their injuries due to the illegal sale of liquor (see, Smith v Guli, 106 AD2d 120, 123).

In the first of the two actions plaintiff seeks actual, compensatory and exemplary damages against Glenwood Pines, for the personal injuries she sustained. In the second, decedent's parents, as the administrators of her estate and her sole heirs and next of kin, seek damages for funeral expenses, loss of society, consortium, nurture and guidance, loss of support and maintenance and other pecuniary losses, together with exemplary and punitive damages as the result of decedent's death in the accident. Prior to trial all plaintiffs settled with the estate of Mahaney. The actions were, therefore, limited to the liability of Glenwood Pines under the Dram Shop Act. The jury awarded plaintiff $225,000 for her injuries and damages,

denied her exemplary damages and apportioned liability 85% against Mahaney and 15% against Glenwood Pines. By virtue of the rulings of Supreme Court, which are challenged on this appeal, the jury was not permitted to award damages to decedent's parents or to her estate, with the exception of the agreed amount ($1,426.38) of the funeral expenses, which the court awarded to the parents.

Judgment was entered reducing the damages according to the apportioned liability as provided in General Obligations Law § 15-108. Plaintiffs moved to set the verdict aside and for a new trial. Supreme Court denied the motion and an amended order and judgment confirming the verdict was entered, from which plaintiffs in both actions appeal.

Although recovery of damages under the Dram Shop Act recently has been considered and somewhat broadened by our holding in *Valicenti v Valenze* (108 AD2d 300, *mod* 68 NY2d 826), the burden is still on plaintiffs to prove damages that are recoverable under the Act. In regard to the parents, their cause of action under the Dram Shop Act vests in them as administrators only by virtue of the survival clause contained in General Obligations Law § 11-101 (2), unlike a cause of action for wrongful death which vests directly in a decedent's personal representative (EPTL 5-4.1). The common law of this State does not recognize suits to recover damages for the wrongful death of an individual *(see, Carrick v Central Gen. Hosp.,* 51 NY2d 242, 249-250, n 2). Such a cause of action exists and is authorized only by statute, and this statute delineates the measure of damages as the fair and just compensation for the pecuniary damages resulting from the death of a decedent (EPTL 5-4.3). The reasonable expenses for medical aid incident to the injury causing death are recoverable, including the funeral expenses of a decedent paid by or for which the distributees are liable, as proper elements of damage (EPTL 5-4.3). However, the qualifying phrase "pecuniary injuries" excludes recovery for grief, loss of society, affection and conjugal fellowship *(see, Liff v Schildkrout,* 49 NY2d 622, 632-633). In contrast, the basis of the right of action under the Dram Shop Act is not death, but an injury and consequent loss to the injured party *(see, Bator v Barry,* 282 App Div 324, 326). Therefore, even under our expanded view of damages recoverable under the Dram Shop Act *(see, Valicenti v Valenze, supra),* the damages recoverable by an administrator for a "survived" Dram Shop Act cause of action are the same as

the injured party could have recovered if death had not ensued *(see, Hammell v Mannshardt,* 248 App Div 624).

■ In this case, the parents, as administrators, cannot recover for decedent's injuries because she died instantly in the accident and suffered no compensable personal injuries which could survive her death, as determined by Supreme Court. Furthermore, even if the parents were considered to have brought this action in their individual capacities under the Dram Shop Act, they have made no showing as to the amount of expected support of which they were deprived by virtue of decedent's death. Testimony that decedent intended to repay her parents for her higher education does not suffice. The facts reveal that she had obtained an undergraduate degree in 1977 from the University of Wisconsin, and in 1978 moved to Ithaca where she moved in with her boyfriend whom she intended to marry when he obtained his PhD degree. At the time of her death, decedent had been accepted into a graduate program at Cornell University. At trial, the parents failed to show that decedent had any legal duty or had undertaken any obligation to support them. There was, therefore, no legal basis that would permit the jury to consider the loss of support that they claimed. The funeral expenses, which are not contested on this appeal, were properly awarded by Supreme Court under the statutory words "or otherwise" (General Obligations Law § 11-101 [1]), and the parents' loss was properly limited to that amount by the rulings of the court.

The parents claim entitlement to a charge to the jury "that it could award such amount as you find will fairly and justly compensate for the injuries to the person of [decedent]". We find no statutory authority in General Obligations Law § 11-101 to support such claim, nor do we find any such authorization therefor under the authority of *Valicenti v Valenze (supra).* In our opinion, by the rulings of Supreme Court the parents were allowed all the recovery that the law and the circumstances permitted, and we note that the jury refused to assess punitive damages against Glenwood Pines in the case of plaintiff.

■ In regard to the action of plaintiff, her chief contention on this appeal is that Supreme Court improperly reduced Glenwood Pines' liability by the equitable share of liability of the settling tort-feasor pursuant to General Obligations Law § 15-108 (a), and that the court abused its discretion in permitting an amendment to the answer to assert the defense during

trial. We cannot agree. Plaintiff was not prejudiced by the delayed ruling. The court was ruling on a matter of law, which should not be viewed as surprise, and was applying a previously determined legal authority, i.e., the case of *Herrick v Second Cuthouse* (100 AD2d 952, *affd* 64 NY2d 692) which clearly required such a determination *(see also, Zona v Oatka Rest. & Lounge,* 68 NY2d 824), even though that authority was not produced until the second day of trial. Plaintiff's real grievance flows from the risk she ran by settling with the estate of Mahaney, not from the application of the law. In regard to this appeal, we are also requested to consider the damages as inadequate as a matter of law. However, we do not consider an award of $225,000 to plaintiff so inadequate as to shock the conscience of this court *(see, McFarland v Makowski,* 112 AD2d 922).

■ Finally, plaintiffs claim two improper evidentiary rulings requiring reversal. The first centers around the expert testimony that plaintiffs offered to establish Mahaney's condition when he left Glenwood Pines, and the second concerns Mahaney's blood alcohol content of .20%. The expert, a toxicologist, was permitted to testify that Mahaney had to have consumed 15 drinks to have a .20% blood alcohol content after 5½ hours of drinking. This expert also testified that the rate of elimination of alcohol from the blood is .018% per hour. Supreme Court refused to allow the expert to answer a hypothetical question as to the blood alcohol content Mahaney had when he left the bar, and plaintiffs claim error in this regard. We agree with Supreme Court that there was insufficient evidence to show what Mahaney did between the time he left the bar at about 1:00 A.M. and the time of the accident, about 2:00 A.M. to permit such a hypothetical question, and we find no abuse of discretion in the court's sustaining Glenwood Pines' objection thereto.

■ Further, we do not view Supreme Court's failure to charge Vehicle and Traffic Law § 1192 (2), which proscribes a blood alcohol content greater than .10%, as error. This statute is inapplicable since it does not create a presumption of intoxication based on blood alcohol content, and this suit was based on Glenwood Pines' alleged sale of alcohol to an intoxicated person. Supreme Court properly instructed the jury that they could consider plaintiffs' expert testimony concerning the likelihood of intoxication when a person had a blood alcohol content of .20% and the number of drinks such a level would require. We add that we find no prejudice in defense counsel's

summation sufficient to require reversal and a new trial. The amended order and judgment appealed from should therefore be affirmed.

MAHONEY, P. J., YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Order and judgment affirmed, with costs.