■ JAN WOJTOWICZ, JR., Respondent, et al., Plaintiff, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant.— In a medical malpractice action to recover damages for personal injuries, etc., the defendant, the New York City Health and Hospitals Corporation, appeals from an order of the Supreme Court, Kings County (Monteleone, J.), dated November 4, 1985, which granted the plaintiffs' motion to set aside a damages verdict awarding the plaintiff Jan Wojtowicz, Jr., the principal sum of $75,000 (constituting $150,000 gross damages

less 50% attributable to Mr. Wojtowicz's fault in the happening of the accident) to the extent of granting a new trial unless the defendant stipulated to increase the award to Mr. Wojtowicz to the principal sum of $250,000 ($500,000 less 50%).

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the sums of "$500,000" for gross damages and "$250,000" constituting Mr. Wojtowicz's award of damages, and substituting therefor the sums of "$300,000" and "$150,000", respectively; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate judgment awarding Mr. Wojtowicz the principal sum of $150,000 in the event the defendant so stipulates, or for a new trial on the issue of damages in the event the defendant fails to so stipulate; the defendant's time to stipulate to the increase in damages is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry.

The plaintiff Jan Wojtowicz, Jr., brought an action against the defendant New York City Health and Hospitals Corporation to recover damages for injuries suffered as a result of treatment received by Mr. Wojtowicz at Greenpoint Hospital, Brooklyn, which was maintained and controlled by the defendant. The plaintiff, Krystyna Wojtowicz, brought a derivative cause of action to recover damages, *inter alia,* for loss of services. After a jury trial the plaintiff Jan Wojtowicz, Jr., was awarded the principal sum of $75,000 which represented gross damages of $150,000 with the jury apportioning fault equally between Mr. Wojtowicz and the defendant. No award was made to Krystyna Wojtowicz. Trial Term granted a motion to set aside the verdict as inadequate and ordered a new trial as to damages only unless the defendant stipulated to an increase of gross damages to $500,000, reduced to the principal amount of $250,000 because Mr. Wojtowicz was 50% at fault. The defendant now appeals.

The record reveals that the plaintiff Jan Wojtowicz, Jr., entered Greenpoint Hospital in August 1976 suffering from a stab wound. Mr. Wojtowicz was hospitalized for several days and then discharged.

In November 1976 a portion of Wojtowicz's stomach was surgically removed at Physicians Hospital. The plaintiffs alleged that the negligence of Greenpoint Hospital in treating Wojtowicz's stab wound resulted in the need for the surgery.

The jury found both the defendant and Mr. Wojtowicz to be equally at fault. The issue of liability, however, is not raised on appeal. The issue before this court is whether Trial Term erred in setting aside the jury's gross damage award which was in the amount of $150,000 on the ground that it was inadequate.

We agree with Trial Term that under the circumstances of this case the jury's $150,000 gross award was so inadequate as to shock the conscience of this court (see, McFarland v Makowski, 112 AD2d 922; Petosa v City of New York, 63 AD2d 1016, 1017). As Trial Term noted, the injury suffered by Mr. Wojtowicz has impaired and will continue to impair the quality of his life. We disagree, however, with Trial Term's ordering a new trial unless the defendant stipulates to increasing the gross amount of damages to $500,000 and the net award to Mr. Wojtowicz to $250,000. We find such an award to be excessive. Under the circumstances of this case, we find that gross damages in the amount of $300,000 would be appropriate compensation for the injuries suffered. Accordingly, the order of Trial Term is modified to provide that a new trial is granted unless the defendant stipulates to increase the gross amount of damages to $300,000, and the net award to Mr. Wojtowicz, based on the jury's apportionment of liability, to the principal sum of $150,000. Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.