■ ANDREW MARSICO, Individually and as Administrator of the Estate of TODD MARSICO, Deceased, Appellant, v SOUTHLAND CORPORATION, Doing Business as "7/11" and/or "SEVEN-ELEVEN", et al., Respondents and Third-Party Plaintiffs. PETER BROWN, Third-Party Defendant.—In an action, *inter alia,* to recover damages under General Obligations Law § 11-101 (Dram Shop Act) and for wrongful death, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Levitt, J.), dated April 6, 1987, as dismissed the complaint.

Ordered that the judgment is modified by (1) adding to the first decretal paragraph after the words "so much of" the words "the first, second and third causes of action of the"; (2) deleting the third decretal paragraph and substituting therefor a provision dismissing, on the court's own motion, so much of the first, second and third causes of action asserted against the defendant Southland Corporation, doing business as "7/11" and/or "Seven-Eleven", as sought compensatory or punitive damages based upon an allegation of a violation of the General Obligations Law § 11-101 (Dram Shop Act); (3) deleting the fourth decretal paragraph; and (4) deleting the fifth decretal paragraph; as so modified, the judgment is affirmed insofar as appealed from, with costs.

On June 17, 1984, at approximately 4:00 A.M., 17-year-old Todd Marsico allegedly lost control of his car and was killed when it struck a house and exploded. At that time the youth was allegedly intoxicated from consuming beer, which he had purchased at a "7/11" store owned by the defendant franchisor Southland Corporation, doing business as "7/11" and/or "Seven-Eleven" (hereinafter Southland), and operated by the defendants franchisees Patrick and Roseann Viviano (hereinafter the Vivianos), and he was being pursued by a Nassau County police officer in a patrol car.

The lawsuit subsequently brought by the decedent's father alleged five causes of action. The first cause of action, on behalf of the father individually and against the defendants Southland and the Vivianos, sought compensatory and exemplary damages under General Obligations Law § 11-101 (Dram Shop Act) and Alcoholic Beverage Control Law § 65. The second and third causes of action, on behalf of the decedent's estate as against the defendants Southland and the Vivianos, sought compensatory damages for the decedent's conscious pain and suffering and wrongful death based upon allegations, in pertinent part, of statutory violations of the General Obligations Law and common-law negligence. The fourth and fifth causes of action, on behalf of the decedent's estate as against the County of Nassau, sought compensatory damages for the decedent's conscious pain and suffering and wrongful death based upon allegations that a reckless automobile chase by one of the county's police officers had contributed to the decedent's accident.

The defendants Vivianos moved for summary judgment, dismissing so much of the complaint asserted against them as sought damages under the Dram Shop Act and exemplary damages. The defendant Southland untimely cross-moved for summary judgment dismissing, in their entirety, all three causes of action against it. By judgment dated April 6, 1987, the Supreme Court, Nassau County, dismissed the complaint as against all the defendants, including the nonmoving defendant, County of Nassau.

On appeal, the plaintiff essentially argues that the Supreme Court erred by dismissing each of his five causes of action.

As to the allegations in the first cause of action involving the alleged violation of the Dram Shop Act and exemplary damages, we agree with the Supreme Court that the plaintiff has failed to raise a triable issue of fact as to his entitlement to any damages for an alleged violation of the statute. Specifi-

cally, as to the plaintiff's individual claim, we find that the statute does not permit recovery for mental distress suffered by the parent (see, Scheu v High-Forest Corp., 129 AD2d 366; cf., Winje v Cavalry Veterans, 130 Misc 2d 580, affd 124 AD2d 1027), nor projected future means of support by the decedent, who, as in this case, had not contributed to his parents' support, and who had no legal duty to assume such a responsibility (see, Scheu v High-Forest Corp., 129 AD2d 366, supra; cf., Valicenti v Valenze, 108 AD2d 300, mod on other grounds 68 NY2d 826 [involving the loss of a spouse]). Moreover, funeral expenses have been classified as "means of support" damages, which cannot be recovered by a parent individually, absent a showing that "the parent is not possessed of sufficient means to support himself without the aid of his injured [or deceased] child and that the expenses incurred by the parent have diminished his accumulated capital so as to reduce himself to a state of dependence" (McNally v Addis, 65 Misc 2d 204, 224; cf., Scheu v High-Forest Corp., supra; Bongiorno v D.I.G.I., Inc., 138 AD2d 120, 125, n 3 [all causes of actions were brought by the decedent's estate]). Further, as noted by the Supreme Court, recovery for exemplary damages must be denied because the "plaintiff has not established a right to recover actual damages" (McNally v Addis, supra, at 224-225; 36 NY Jur 2d, Damages, § 178).

To the extent that the allegations in the second and third causes of action can be read to allege a cause of action under the Dram Shop Act on behalf of the decedent's estate, such allegations are deemed stricken. The Dram Shop Act does not create a cause of action in favor of the individual who has sustained personal injury or has died as a result of his own intoxicated condition (see, Delamatar v Kimmerle, 104 AD2d 242), and consequently, no cause of action is maintainable by said individual's estate (see, Matalavage v Sadler, 77 AD2d 39).

Therefore, summary judgment dismissing the allegations under the Dram Shop Act and the claim for exemplary damages against the defendants Vivianos was proper. Moreover, despite the untimeliness of the defendant Southland's cross motion, the Supreme Court did not abuse its discretion in similarly granting summary judgment dismissing the claims against said defendant (CPLR 3212 [b] ["If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion"]).

However, we find that the remaining allegations in the first, second and third causes of action, and the fourth and fifth

causes of action, should be reinstated. CPLR 3212 (b) does not permit the court to grant summary judgment, *sua sponte,* to a party absent a motion by some other party addressed to the specific issues *(see, Conroy v Swartout,* 135 AD2d 945, 946-947; *Andriano v Caronia,* 117 AD2d 640, 642-643; *Jillsunan Corp. v Wallfrin Indus.,* 79 AD2d 943; *see also, Mihlovan v Grozavu,* 72 NY2d 506). In this regard, we note that since the defendant Southland failed to comply with the notice provisions of CPLR 2215 and 2103, the Supreme Court had no jurisdiction to consider the issues raised in its cross motion *(see, Fortanasce v Meyrowitz,* 141 AD2d 606; *Vanek v Mercy Hosp.,* 135 AD2d 707). Further, no party, including the County of Nassau, moved to dismiss the fourth and fifth causes of action.

Accordingly, it was error for the Supreme Court to dismiss the unchallenged allegations in the first, second, third, fourth and fifth causes of action at this juncture in the proceedings. Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.