■ PAULA CASEY, as Administratrix of the Estate of DAWN M. BOLOGNA, Deceased, Respondent, v FDR ENTERTAINMENT Co., INC., Doing Business as BAR 231, et al., Appellants.—In an action, *inter alia,* to recover damages for violations of the Dram Shop Act (General Obligations Law § 11-101), the defendants FDR Entertainment Co., Inc., doing business as Bar 231 and Valhav Ltd., doing business as Chaplin separately appeal from an order of the Supreme Court, Nassau County (Saladino, J.), dated October 13, 1989, which denied their respective motions to dismiss the complaint insofar as it is asserted against each of them, and granted the plaintiff's cross motion to amend the caption.

Ordered that the order is affirmed, with one bill of costs.

This action was brought by Paula Casey, as administratrix of the estate of her decedent daughter. The complaint alleged that on January 18, 1986, the plaintiff's decedent, who was 19 years old at the time, was involved in an automobile accident, as the result of which she died. The complaint asserted causes of action against the manufacturer of the automobile which the decedent was driving, the driver of a car with which the decedent's car collided, and the appellants. The causes of action asserted against the appellants alleged that they violated the Dram Shop Act (General Obligations Law § 11-101) in that they unlawfully served alcohol to the decedent.

The appellants moved to dismiss the complaint insofar as it is asserted against them on the ground that the plaintiff could not, under the Dram Shop Act, maintain an action against them in her capacity as administratrix of her daughter's estate *(see, Marsico v Southland Corp.,* 148 AD2d 503; *Matala-*

*vage v Sadler,* 77 AD2d 39). However, the plaintiff cross-moved for leave to amend the caption to reflect her name as the individual plaintiff. The court granted her cross motion and denied the appellants' motions.

We find that the court did not improvidently exercise its discretion in allowing the plaintiff to amend the caption. The appellants were aware of the specific allegations against them and thus were not prejudiced *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957). Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.