■ MICHAEL REISS, Individually and as Parent and Natural Guardian of RASHA REISS, an Infant, Plaintiff, and BREINDY REISS, Individually and as Parent and Natural Guardian of RASHA REISS, an Infant, Respondent, v BROOKDALE HOSPITAL MEDICAL CENTER, Defendant, and SOL D. NEUHOFF, Appellant. [666 NYS2d 438] —In an action to recover damages for medical malpractice, the defendant Sol D. Neuhoff appeals from (1) an order of the Supreme Court, Kings County (Levine, J.), dated April 8, 1996, which denied his motion to set aside a jury verdict, and (2) a judgment of the same court, entered May 31, 1996, which is in favor of the plaintiffs and against him in the principal sum of $1,113,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that, on the Court's own motion, the judgment is modified by deleting from the caption and from the decretal paragraph the name of Michael Reiss; as so modified, the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The court properly denied the motion of the defendant Sol D. Neuhoff to set aside the verdict as against the weight of the evidence. The jury's determination was supported by a fair interpretation of the evidence presented (*see, Lolik v Big V Supermarkets,* 86 NY2d 744). Furthermore, under the circumstances of this case, the jury's verdict on the issue of damages did not "deviat[e] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Knight v Long Is. Coll. Hosp.,* 106 AD2d 371; *see also, McFarland v Makowski,* 112 AD2d 922).

We note that, at the outset of the trial, the Supreme Court granted the plaintiffs' application to amend the caption by deleting the name of Michael Reiss. Nonetheless, judgment was erroneously entered in favor of both Michael Reiss and Breindy Reiss as parents and natural guardians of Rasha Reiss. We therefore amend the judgment to reflect that it is in favor of Breindy Reiss as parent and natural guardian of Rasha Reiss. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.